**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **SCARLETT FAITH MCNEILLY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 5:12-4609** |
| | ) | |
| **THE GREENBRIER RESORT**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following Motions: (1) Defendant Greenbrier Resort's Motion to Dismiss Complaint (Document No. 11.), filed on November 1, 2012; (2) Defendant James C. Justice's Motion to Dismiss Complaint (Document No. 12.), filed on November 1, 2012; (3) Defendant Kathy Miller's Motion to Dismiss Complaint (Document No. 13.), filed on November 1, 2012; (4) Defendant Paul Fogus' Motion to Dismiss Complaint (Document No. 14.), filed on November 1, 2012; and (5) Defendant Tom Stacy's Motion to Dismiss Complaint (Document No. 15.), filed on November 1, 2012. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to Defendants' Motions and submit Affidavit(s) or statements and/or other legal or factual material supporting her claims as they are challenged by Defendants in moving to dismiss. (Document No. 16.) On December 3, 2012, Plaintiff filed her Response in Opposition to Defendants' Motions and a Motion to Amend Complaint. (Document Nos. 18 - 20.) Having conducted a thorough examination of the record, the undersigned has determined and hereby respectfully recommends that Defendants' Motions to Dismiss be granted in part and denied in part.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 22, 2012, Plaintiff, acing *pro se*, filed her Complaint in this matter pursuant to Title 28 U.S.C. §1332. (Document No. 1.) Plaintiff alleges that she is a citizen of the State of Ohio and sustained injuries as a result of a slip and fall at The Greenbrier Resort located in State of West Virginia. (Id., pp. 1 - 2.) Plaintiff names the following as Defendants: (1) The Greenbrier Resort; (2) James C. Justice, II; (3) Justice Family Group, LLC; (4) Gallagher Basset Service, Inc.; (5) Kathy Miller; (6) Paul Fogus; and (7) Tom Stacy. (Id., p. 1.) Upon filing her Complaint, Plaintiff paid the $350.00 filing fee. (Document No. 1-2.)

By Order entered on September 4, 2012, the Court ordered that the Clerk issue Summonses pursuant to Rule 4, Federal Rules of Civil Procedure upon the Defendants and send the Summonses to Plaintiff for service. (Document No. 4.) The Clerk issued Summonses for Defendants on September 4, 2012. (Document No. 5.)

On November 1, 2012, Greenbrier Resort, James C. Justice, Kathy Miller, Paul Fogus, and Tom Stacy filed Motions to Dismiss. (Document Nos. 11 - 15.) In Greenbrier Resort, Fogus, and Stacy's Motions to Dismiss, Defendants argue that (1) Plaintiff failed to demonstrate subject matter jurisdiction, and (2) Plaintiff failed to state a claim upon which relief may be granted. (Document Nos. 11, 14, and 15.) In Justice and Miller's Motions to Dismiss, Defendants contend as follows: (1) Plaintiff failed to demonstrate subject matter jurisdiction; (2) Plaintiff failed to properly serve the Defendants; and (3) The Complaint fails to state a claim upon which relief can be granted. (Document Nos. 12 and 13.)

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on November 2, 2012, advising her of the right to file a response to the Defendants' Motions to

Dismiss. (Document No. 16.) On December 3, 2012, Plaintiff filed her Response in Opposition and Affidavits in Support. (Document Nos. 18, 21, 22, and 23.) First, Plaintiff argues that there is "federal diversity jurisdiction because Defendant Greenbrier Resort, James C. Justice, II, Justice Family Group, LLC, Gallagher Bassett Services, Inc., Kathy Miller, Paul Fogus, Tom Stacy, all live in West Virginia and the plaintiff Scarlett Faith McNeilly lives in Ohio." (Document No. 18, p. 1.) Plaintiff further states that she is seeking damages in excess of $75,000. (Id.) Next, Plaintiff argues that "Defendants were properly served by Greenbrier County Sheriff Childers." (Id., p. 2.) Plaintiff explains that "[t]he defendant and his agents are answering the complaint; therefore, they received the summons." (Id.) Finally, Plaintiff argues that she "is submitting affidavit and sworn statements of witnesses, and specific facts, showing her cause of action." (Id.) Specifically, Plaintiff files her affidavit and the affidavits of Pat Butler and Cynthia Sarko. (Document Nos. 21 - 23.)

On December 3, 2012, Plaintiff also filed a Motion to Amend Complaint and her "Basis for the Court's Jurisdiction." (Document Nos. 19 and 20.) In her Motion to Amend, Plaintiff explains that she is proceeding *pro se* and "was unaware Defendants ought to be named in the complaint body, or that the cause of action be named in the complaint body, or that jurisdiction of diversity ought to be shown in the complaint body." (Document No. 19, p. 1.) Plaintiff states that "all of these were included on the civil cover sheet." (Id.) In her "Basis for the Court's Jurisdiction," Plaintiff states that the "basis of federal court jurisdiction is due to diversity of citizenship - - the parties reside in different states. The plaintiff lives in Ohio; all the defendants reside in West Virginia. Additionally,  plaintiff seeks damages exceeding $75,000." (Document No. 20, pp. 2 - 3.) Plaintiff also sets forth details of the alleged events occurring while she was a guest at the Greenbrier Resort, which resulted in her suffering injury from a fall in the bathtub at the Greenbrier Resort. (Id., pp. -

5.) Plaintiff states a "Claim of Negligence Pertaining to Premises Liability"; a "Claim of Negligence to Right to Care of Choice"; and a "Claim of Failure to Pay Medical Expenses." Apparently, Plaintiff intends this document to be her Amended Complaint.

On December 12, 2012, Greenbrier Resort, Fogus, Justice, Miller, and Stacy filed their Replies. (Document Nos. 24 - 28.) First, Greenbrier Resort, Fogus, Justice, Miller, and Stacy acknowledge that their Motions to Dismiss based upon lack of subject matter jurisdiction would be moot "to the extent the Court would allow Plaintiff to file an Amended Complaint." (Id.) Second, Greenbrier Resort contends that Plaintiff's "Claim of Negligence of Right to Care of Choice" and "Claim of Failure to Pay Medical Expenses" should be dismissed for failure to state a claim. (Document No. 24.) Third, Fogus and Stacy contend that their Motions to Dismiss should be granted because Plaintiff's "Claim of Negligence of Right to Care of Choice" fails to state a claim against them. (Document No. 28.) Finally, Justice and Miller state that their Motions to Dismiss should be granted because Plaintiff failed to properly serve them and failed to "state actionable conduct on the part of this defendant." (Document Nos. 26 and 27.)

## THE STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## DISCUSSION

1.    **Subject Matter Jurisdiction:**

Greenbrier Resort, Justice, Miller, Fogus, and Stacy filed Motions to Dismiss arguing that Plaintiff failed to demonstrate subject matter jurisdiction. (Document Nos. 11 - 15.) In Response, Plaintiff filed a Motion to Amend Complaint and her "Basis for the Court's Jurisdiction." (Document Nos. 19 and 20.) In her Motion to Amend, Plaintiff explains that she is proceeding *pro se* and "was unaware Defendants ought to be named in the complaint body, or that the cause of action be named in the complaint body, or that jurisdiction of diversity ought to be shown in the complaint body." (Document No. 19, p. 1.) In her "Basis for the Court's Jurisdiction," Plaintiff states that the "basis of federal court jurisdiction is due to diversity of citizenship - - the parties reside in different states. The plaintiff lives in Ohio; all the defendants reside in West Virginia. Additionally, plaintiff seeks damages exceeding $75,000." (Document No. 20, pp. 2 - 3.) Greenbrier Resort, Fogus, Justice, Miller, and Stacy filed their Replies acknowledging that their Motions to Dismiss based upon lack of subject matter jurisdiction would be moot "to the extent the Court would allow Plaintiff to file an Amended Complaint." (Document Nos. 24 - 28.) By separate Order entered this day, the Court has granted Plaintiff's Motion to Amend. Accordingly, Greenbrier Resort, Justice,

Miller, Fogus, and Stacy's Motions to Dismiss based upon lack of subject matter jurisdiction should be denied as moot.

2.    **Insufficient Service:**

When sufficiency of service is raised as a defense under Rule of Civil Procedure 12(b)(5), the plaintiff has the burden of establishing that service of process has been effectuated in conformity with Rule 4. See Wolfe v. Green, 660 F.Supp.2d 738, 750 (S.D.W.Va. 2009). When it is evident that a party has failed to accomplish service of process pursuant to Rule 4, dismissal is in order.  Federal Rule of Civil Procedure 4(e) states how a party must serve a Summons and Complaint upon an individual within a judicial district of the United States as follows:

> **(e)    Servicing an Individual Within a Judicial District of the United States.**
> Unless federal law provides otherwise, an individual - - other than a minor, an incompetent person, or a person whose waiver has been filed - - may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court - - on motion or on its own after notice to the plaintiff - - must dismiss the action without prejudice against that defendant or order that service be made within a

specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Justice and Miller argue that they have not been properly served by Plaintiff. (Document Nos. 12 and 13.) Justice and Miller state that the "Proof of Service" filed with the Court shows that the summonses for Justice and Miller were left with Bruce Sloan, a Greenbrier Resort employee, at the Greenbrier Resort. (Id.) Justice and Miller contend that there is no assertion by Plaintiff that Mr. Sloan is an agent authorized by appointment or by law to accept service on behalf of Defendant Justice or Miller. (Id.) Additionally, Justice and Miller represent to the Court that Mr. Sloan is not in fact authorized to accept service on their behalf. (Id.)

In Response, Plaintiff states that "Defendants were properly served by Greenbrier County Sheriff Childers." (Document No. 18, p. 2.) Plaintiff contends that "[t]he defendant and his agents are answering the complaint; therefore, they received the summons." (Id.)

Based upon a review of the record, it appears that Plaintiff attempted to serve Defendant Justice and Miller pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure. The "Proof of Service" reveals that the summonses for Justice and Miller were left with Bruce Sloan, a Greenbrier Resort employee, at the Greenbrier Resort. (Document Nos. 9 and 10.) To the extent service was attempted pursuant to Rule 4(e)(2)(C), Justice and Miller represent to the Court that Bruce Sloan is not "an agent or attorney-in-fact authorized by appointment or statute to receive or accept service of the summons and complaint" on their behalf. Thus, it is evident in the record that Plaintiff did not comply with Rule 4(e)(2)(C) in attempting to serve Justice and Miller because delivery was not accepted by an agent authorized by appointment or by law to accept service on behalf of Defendants. To the extent service was attempted pursuant to Rule 4(e)(2)(B), it is evident from the record that service did not occur at Justice or Miller's "dwelling or usual place of abode with someone of

suitable age and discretion who resides there." Based on the foregoing, the undersigned finds that Plaintiff has not effectuated service of process upon Justice and Miller. Accordingly, the undersigned finds that Justice and Miller's Motions to Dismiss (Document Nos. 12 and 13.) should be granted to the extent they seek dismissal for failure to effectuate service of process. The undersigned finds it unnecessary to consider the other reasons which Justice and Miller have submitted for dismissal.

**3.**     **<u>Failure to State a Claim</u>:**

Although pleadings filed by a *pro se* plaintiff are entitled to liberal construction, this "does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." <u>Drummond v. South Carolina Department of Corrections</u>, 2012 WL 5077575, * 3 (D.S.C. Oct. 1, 2012)(citing <u>Weller v. Department of Social Services</u>, 901 F.2d 387, 390-91 (4th Cir. 1990)). Federal Rule of Civil Procedure 8(a)(2) provides that "[a] pleading that states a claim for relief must contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(d)(1) provides that the allegations contained in the pleading "must be simple, concise and direct." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678, 129 S. Ct. at 1949(quoting <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. at 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. <u>Id.</u> "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> The "[f]actual

allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Thus, when a defendant challenges the sufficiency of a complaint under Rule 8(a)(2), the Court examines the factual allegations contained therein to determined if they reasonably indicate that discovery will yield evidence of all of the elements of the plaintiff's claim. If, viewing the factual allegations as true, the Court cannot conclude that discovery will yield evidence of all of the elements of the plaintiff's claim, the Court must dismiss the claim.

### A.    Claim of "Negligence to Right to Care of Choice":

"To state a claim for negligence, the plaintiff must allege the existence of a duty, the defendant's breach of that duty, causation, and damages." NSBC Bank USA, National Association v. Resh, 2013 WL 312871, * 11 (S.D.W.Va. Jan. 25, 2013); also see Strahin v. Cleavenger, 216 W.Va. 175, 603 S.E.2d 197, 205 (2004)("To prevail in a negligence suit, the plaintiff must prove by a preponderance of the evidence that the defendant owed a legal duty to the plaintiff and that by breaching that duty the defendant proximately caused the injuries to the plaintiff.")

### (i)    Greenbrier Resort:

In its Motion to Dismiss, Greenbrier Resort argues that Plaintiff has "failed to state a claim that entitles her to relief against the Greenbrier Resort." (Document No. 11, p. 5.) First, Greenbrier Resort states that "Plaintiff has alleged no actionable conduct on the part of the Defendant" or "made any specific claims against The Greenbrier Resort." (Id.) Greenbrier Resort complains that "Plaintiff merely provides a factual recitation of events which allegedly transpired on August 23, 2010." (Id., pp. 5 - 6.) Finally, Greenbrier Resort states that Plaintiff has failed to "provide notice as to what claims she has alleged against The Greenbrier Resort." (Id., p. 6.)

9

In Response, Plaintiff filed a Motion to Amend and her "Basis for Court's Jurisdiction." (Document Nos. 19 and 20.) In Plaintiff's "Basis for Court's Jurisdiction," Plaintiff alleges a "Claim of Negligence Pertaining to Premises Liability" and a "Claim of Negligence of Right to Care of Choice" against Greenbrier Resort. (Document No. 20, p. 4.) In the "Claim of Negligence of Right to Care of Choice" section, Plaintiff alleges that the Greenbrier Resort "moved plaintiff, without plaintiff's consent, to the internal clinic in a wheelchair without proper care to plaintiff's neck, back, head, or spine knowing that plaintiff could have neck or head injuries from the encounter with the dangerous condition." (Id.) Plaintiff states that she requested that EMT's be called to the scene of the injury, but her "request was disregarded as the Greenbrier Resort's policy is to move an injured person to their internal clinic." (Id.) Therefore, Plaintiff claims that the Greenbrier Resort was "responsible for creating this policy of reckless disregard" and "Plaintiff has a legal right to medical care of her choice." (Id.)

In Reply, Greenbrier Resort argues that Plaintiff's "Claim of Negligence of Right to Care of Choice" fails to allege the necessary elements of making a prima facie case of negligence." (Document No. 24.) Specifically, Greenbrier Resort contends that "Plaintiff has failed to allege that she sustained any specific injuries or complications as a proximate result of the actions or inactions of this defendant." (Id., p. 2.) Greenbrier Resort appears to acknowledge that Plaintiff's "Claim of Negligence Pertaining to Premises Liability" adequately states a claim. (Id.)

Construing Plaintiff's complaint liberally, her allegations do not state the essential elements of a negligence action and fail to provide sufficient factual detail to plausibly demonstrate a claim for relief. The undersigned first finds there is no cause of action for "negligence of right to care of choice" in West Virginia. Next, the undersigned will consider whether Plaintiff has adequately plead

10

a claim of negligence. To the extent Plaintiff is merely alleging a claim of negligence, Plaintiff has failed to allege the necessary elements. Specifically, Plaintiff fails to allege what injuries she suffered as a proximate cause of Greenbrier Resort's conduct in attempting to care for her following her alleged slip and fall. Plaintiff alleges that as a result of Greenbrier Resort's policies, she was recklessly moved by Greenbrier staff following her injury. Plaintiff, however, fails to allege that she suffered any injuries as a result of being moved by staff of the Greenbrier Resort. Accordingly, the undersigned finds that Greenbrier Resort's Motion to Dismiss (Document No. 11.) should be granted as to Plaintiff's "Claim of Negligence of Right to Care of Choice."

### (ii)  Defendant Fogus and Stacy:

In their Motions to Dismiss, Defendant Fogus and Stacy argue that Plaintiff has "failed to state a claim that entitles her to relief. (Document Nos. 14 and 15.) First, Defendant Fogus and Stacy contend that "Plaintiff has alleged no actionable conduct on the part" of the Defendants. Specifically, Defendant Fogus and Stacy contend that beyond their names appearing in the style of the case, there is no mention of them throughout the factual recitation set forth in the Complaint. (Id.)

In Response, Plaintiff filed her Motion to Amend and "Basis for Court's Jurisdiction." (Document Nos. 19 and 20.) In Plaintiff's "Basis for Court's Jurisdiction," Plaintiff alleges a "Claim of Negligence of Right to Care of Choice" against Defendant Fogus and Stacy. (Document No. 20, p. 4.) In this section, Plaintiff alleges that Defendant Fogus and Stacy "moved plaintiff, without plaintiff's consent, to the internal clinic in a wheelchair without proper care to plaintiff's neck, back, head, or spine knowing that plaintiff could have neck or head injuries from the encounter with the dangerous condition." (Id.) Plaintiff states that she requested that EMTs be called to the scene of the

11

injury, but her "request was disregarded as the Greenbrier Resort's policy is to move an injured person to their internal clinic, as cited by Kathy Miller, Tom Stacy, Paul Fogus." (Id.) Therefore, Plaintiff claims that Defendant Fogus and Stacy were "responsible for creating this policy of reckless disregard" and "Plaintiff has a legal right to medical care of her choice." (Id.)

In Reply, Defendant Fogus and Stacy argue that "Plaintiff has alleged no actionable conduct on the part of this Defendant." (Document Nos. 25 and 28.) Specifically, Defendant Fogus and Stacy state that "other than including this defendant's name in the style of the Complaint, there is no mention of him throughout the factual recitation set forth in the Complaint." (Id.) Defendant Fogus and Stacy argue that "even if the Court were to consider Plaintiff's 'Basis for the Court's Jurisdiction' in assessing the merit of her claims, Plaintiff still fails to state a claim against this defendant." (Id.) Defendant Fogus and Stacy explain that "the only allegation against this defendant in any of the pleadings or filings by Plaintiff is contained in paragraph 11 of her 'Basis of the Court's Jurisdiction,' under 'Claim of Negligence of Right to Care of Choice.'" (Id.) Defendant Fogus and Stacy first contend "there are no such legally recognized torts in West Virginia." (Id.) Defendant Fogus and Stacy further argue that although Plaintiff "is alleging that this defendant was negligent in the manner in which he transported plaintiff to the hotel's clinic," Plaintiff fails to allege that she sustained any injuries as a proximate result of the Defendants' actions. (Id.) Defendant Fogus and Stacy note that "the only injuries allegedly sustained arose from plaintiff's alleged fall in the bathtub." (Id.) Defendant Fogus and Stacy assert "[t]here is no indication whatsoever that this defendant was responsible for any of the conditions which allegedly caused her fall." (Id.) Defendant Fogus and Stacy, therefore, argue that Plaintiff's Complaint should be dismissed "whether Plaintiff's claim is characterized as a 'Claim of Negligence of Right to Care of Choice' or negligence." (Id.)

Construing Plaintiff's complaint liberally, her allegations do not state the essential elements of a negligence action and fail to provide sufficient factual detail to plausibly demonstrate a claim for relief. The undersigned first finds there is no cause of action for "negligence of right to care of choice" in West Virginia. Next, the undersigned will consider whether Plaintiff has adequately plead a claim of negligence. To the extent Plaintiff is merely alleging a claim of negligence, Plaintiff has failed to allege the necessary elements. Specifically, Plaintiff fails to allege what injuries she suffered as a proximate cause of Defendant Fogus and Stacy's conduct. Plaintiff alleges that as a result of Greenbrier Resort's policies, she was recklessly moved by Defendant Fogus and Stacy following her injury. Plaintiff, however, fails to allege that she suffered any injuries as a result of being moved by Defendants. Accordingly, the undersigned finds that Defendant Fogus and Stacy's Motions to Dismiss (Document Nos. 25 and 28.) should be granted to the extent they seek dismissal of the action for failure to state a claim.

### B.    Claim for Breach of Contract:

In its Motion to Dismiss, Greenbrier Resort argues that Plaintiff has "failed to state a claim that entitles her to relief against the Greenbrier Resort." (Document No. 11, p. 5.) Greenbrier Resort first states that "Plaintiff has alleged no actionable conduct on the part of the Defendant" or "made any specific claims against The Greenbrier Resort." (Id.) Greenbrier Resort complains that "Plaintiff merely provides a factual recitation of events which allegedly transpired on August 23, 2010." (Id., pp. 5 - 6.) Finally, Greenbrier Resort states that Plaintiff has failed to "provide notice as to what claims she has alleged against The Greenbrier Resort." (Id., p. 6.)

In Response, Plaintiff filed a Motion to Amend and her "Basis for Court's Jurisdiction." (Document Nos. 19 and 20.) In Plaintiff's "Basis for Court's Jurisdiction," Plaintiff alleges a "Claim

of Failure to Pay for Medical Expenses" against Greenbrier Resort. (Document No. 20, p. 5.) In this section, Plaintiff alleges that the Greenbrier Resort "reneged on their promise and legal obligation to pay plaintiff's injury bills." (Id.) Plaintiff alleges that "[v]erbal reassurance and promise to pay was affirmed to plaintiff's doctor's office manager, Cindy Sarko, by Karen Boyd, former Executive Assistant to Greenbrier's CFO . . . on or about September or October of 2010." (Id.) Plaintiff states that "no amount has been paid by Greenbrier" and "[t]his lack of payment has kept plaintiff from getting all of the care she needs." (Id.) Plaintiff, therefore, claims that she "has a right to receive paid medical treatment for injuries sustained on the Greenbrier premises, and plaintiff's doctors have a reasonable expectation of promise to pay being kept by Greenbrier and their agents, so that such treatment can proceed." (Id.)

In Reply, Greenbrier Resort argues that it had "no legal obligation to pay Plaintiff's medical expenses directly related to injuries allegedly sustained as a result of the underlying incident." (Document No. 24, p. 3.) Greenbrier Resort explains that "plaintiff has made no allegation that she paid valuable consideration in exchange for the alleged 'right to received paid medical treat' or that she relied to her detriment on any alleged promise." (Id.)

Construing Plaintiff's complaint liberally, the Court finds that Plaintiff's allegations do not state the essential elements of a breach of contract claim and fail to provide sufficient factual detail to plausibly demonstrate a claim for relief. To state of claim for breach of contract, Plaintiff must allege the following: (1) the existence of a valid, enforceable contract; (2) that the plaintiff has performed under the contract; (3) that the defendant has breached or violated its duties or obligations under the contract; and (4) that the plaintiff has been injured as a result. Kanawha-Gauley Coal & Coke Co. v. Pittston Minerals Group, Inc., 2011 WL 3022239, * 10 (S.D.W.Va. July 22,

2011)(citing <u>Executive Risk Indemnity, Inc. v. Charleston Area Medical Center, Inc.</u>, 681 F. Supp.2d 694, 714 (S.D.W.Va. 2009)). The elements of a contract are an offer and an acceptance supported by consideration. <u>First National Bank of Gallipolis v. Marietta Manufacturing Co.</u>, 151 W.Va. 636, 642, 153 S.E.2d 172, 177 (1967). Consideration is "some right, interest, profit, or benefit accruing to one party, or some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by another." <u>Id.</u> Consideration is "an essential element of, and is necessary to the enforceability or validity of a contract." <u>Id.</u> A "promise or contract where there is no valuable consideration, and where there is no benefit moving to the promisor or damage or injury to the promisee, is void." Syl. Pt. 2, <u>Sturm v. Parish</u>, 1 W.Va. 125 (1865). The undersigned finds there is no allegation that a valid, enforceable contract existed between the Greenbrier Resort and Plaintiff. Plaintiff merely alleges that the Greenbrier Resort "reneged on their promise and legal obligation to pay plaintiff's injury bills." There is no allegation that Plaintiff gave consideration in exchange for Greenbrier Resort's alleged promise to pay medical expenses. To the extent Plaintiff is asking for her medical bills to be paid as a result of the Greenbrier Resort's negligence, the Greenbrier Resort states that it "does not contest that should a jury assess negligence against it for the underlying negligence claim involving a slip and fall that it would be responsible for the damages assessed." (<u>Id.</u>) Based on the foregoing, the undersigned finds that Plaintiff has failed to state a claim of breach of contract. The undersigned, therefore, finds that Greenbrier Resort's Motion to Dismiss (Document No. 11.) should be granted as to Plaintiff's "Claim of Failure to Pay for Medical Expenses."

**4.**     **Attorneys' Fees and Costs:**

In their Motions to Dismiss, Defendant Greenbrier Resort, Fogus, Justice, Miller, and Stacy

request an award of costs and attorneys' fees. Defendants, however, fail to explain why the Court should award such fees and costs. Rule 11(c)(1) of the Federal Rules of Civil Procedure provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation." Fed.R.Civ.P. 11(c)(1). The Court, however, notes that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed.R.Civ.P. 11(c)(2). In the instant case, Defendants did not file a motion for sanctions separately from their Motions to Dismiss. Additionally, Defendants failed to described the specific conduct by Plaintiff which allegedly violated Rule 11(b). The undersigned, therefore, finds that the above Defendants are not entitled to an award of sanctions under Rule 11.

Furthermore, Title 28 U.S.C. § 1927 provides that a Court may award attorneys' fees and costs for conduct which "so multiplies the proceedings in any case unreasonably and vexatiously . . .." The Fourth Circuit has recognized that "a finding of bad faith is a necessary precondition to imposition of fees" pursuant to 18 U.S.C. § 1927. Hunt v. Lee, 166 Fed.Appx. 669, 671 (4th Cir. 2006)(citing Brubaker v. City of Richmond, 943 F.2d 1363, 1382 n. 25 (4th Cir. 1991)). Additionally, the Court has wide discretion in determining whether to award such fees and costs. See Carroll v. Wolpoff & Abramson, 53 F.3d 626, 631 (4th Cir. 1995). Although the undersigned has determined that some of Plaintiff's claims should be dismissed, there is absolutely no evidence that Plaintiff filed her Complaint acting in bad faith. Further, there is no allegation that Plaintiff's Complaint contained frivolous allegations or was filed with malicious intent. Based on the foregoing, the undersigned finds that Defendant Greenbrier Resort, Fogus, Justice, Miller, and Stacy's request for

16

attorneys' fees and costs should be denied.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT in part and DENY in part** Defendants' Motions to Dismiss (Document Nos. 11, 12, 13, 14, and 15.). Specifically, the undersigned recommends that the District Court **GRANT** Greenbrier Resort's Motion to Dismiss (Document No. 11) as to Plaintiff's "Claim of Negligence of Right to Care of Choice" and "Claim of Failure to Pay for Medical Expenses" and **DENY** Greenbrier Resort's Motion to Dismiss (Document No. 11) as to its request for costs and as to Plaintiff's "Claim of Negligence Pertaining to Premises Liability;" **GRANT** Defendant Justice's Motion to Dismiss (Document No. 12.) to the extent he seeks dismissal of the action and **DENY** Defendant Justice's Motion to Dismiss (Document No. 12) as to his request for costs and attorneys' fees; **GRANT** Defendant Miller's Motion to Dismiss (Document No. 13.) to the extent she seeks dismissal of the action and **DENY** Defendant Miller's Motion to Dismiss (Document No. 13) as to her request for costs; **GRANT** Defendant Fogus' Motion to Dismiss (Document No. 14.) to the extent he seeks dismissal of the action and **DENY** Defendant Fogus' Motion to Dismiss (Document No. 14) as to his request for costs; **GRANT** Defendant Stacy's Motion to Dismiss (Document No. 15.) to the extent he seeks dismissal of the action and **DENY** Defendant Stacy's Motion to Dismiss (Document No. 15) as to his request for costs. Because Plaintiff's "Claim of Negligence Pertaining to Premises Liability" remains, and the undersigned views this claim as including any negligence attributable to Greenbrier Resort and its employees in moving Plaintiff after her alleged fall. Accordingly, it is further recommended that the District Court **REFER** this matter back to the

17

undersigned for further proceedings

The Parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Parties shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: March 1, 2013.

R. Clarke VanDervort
United States Magistrate Judge

18