IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

SCARLETT FAITH MCNEILLY,

          Plaintiff,

v.                                            CIVIL ACTION NO.   5:12-cv-04609

THE GREENBRIER RESORT, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

      Plaintiff, Scarlett F. McNeilly, proceeding *pro se,* initiated this civil action after allegedly sustaining injuries when she fell in a bathtub while a guest at the Greenbrier Resort against the following Defendants: (1) the Greenbrier Resort ("the Resort"); (2) James C. Justice, II, alleged owner of the Resort; (3) Justice Family Group, LLC, alleged owner of the Resort; (4) Gallagher Basset Services, Inc., alleged insurance company for the Resort; (5) Kathy Miller, Resort Nurse; (6) Paul Fogus, Resort security guard; and (7) Tom Stacy, Resort security guard.   The Court has reviewed the Plaintiff's August 22, 2012 Complaint (Document 1) and the amended pleading filed on December 3, 2012 (*see* Basis for the Court's Jurisdiction ("Amended Complaint") (Document 20)), wherein she has asserted three claims: negligence pertaining to premises liability, negligence of right to care of choice, and failure to pay for medical expenses.   (Amended Compl. §§ 10-12).

On November 1, 2012, in separately filed motions, five of the Defendants[1] sought the dismissal of Plaintiff's asserted claims on the grounds that she failed to demonstrate subject matter jurisdiction, state a claim upon which relief could be granted or properly serve the Defendants.[2] (*See* Defendants' Motions to Dismiss (Documents 11, 12, 13, 14, and 15)).

By *Standing Order* (Document 3) entered on August 22, 2012, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On March 1, 2013, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (Document 34), wherein it is recommended that this Court deny in part and grant in part Defendants' motions and refer the matter back to him for further proceedings. Specifically, the Magistrate Judge found, as each Defendant asserted in their reply submissions, that the Defendants' challenge of Plaintiff's subject matter jurisdiction allegation was rendered moot based upon her amended pleading. The Magistrate Judge also found that each Defendant's request for attorney fees as a result of any dismissal should be denied.

However, the Magistrate Judge found that Plaintiff failed to effect service on Defendants James C. Justice, II and Kathy Miller when she attempted service through a person who was not an agent or attorney-in-fact authorized by appointment or statute to receive or accept service of the summons and complaint on behalf of these Defendants and because the service did not occur at the

---

1  As of the date of this opinion, the record does not reflect that Plaintiff has effectuated service upon named Defendants Justice Family Group LLC and Gallagher Basset Services, Inc. On March 1, 2013, the assigned Magistrate Judge granted Plaintiff additional time, until April 5, 2013, to serve summons upon these Defendants. (Order (Document 33)).

2  Only Defendants James C. Justice, II and Kathy Miller sought the dismissal of this civil action for Plaintiff's failure to properly serve them pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. The remaining Defendants asserted a challenge focused on Plaintiff's allegations in support of her negligence of right to care of choice and failure to pay for medical expenses claims.

2

Defendants' dwelling or usual place of abode. Consequently, the Magistrate Judge Recommended that Defendants Justice and Miller's motions to dismiss Plaintiff's Complaint be granted in this regard.

Relative to the Plaintiff's claim for "negligence of right to care of choice" against the remaining moving Defendants, the Magistrate Judge found that this claim should be dismissed because there is no such cause of action in West Virginia. Additionally, the Magistrate Judge found that, to the extent Plaintiff merely alleged a claim of negligence, she failed to allege what injuries she suffered as a proximate cause of the Defendants' conduct in attempting to care for her following her alleged slip and fall or that she suffered injuries as a result of being moved by staff of the Resort. Accordingly, the Magistrate Judge recommended that Defendants Greenbrier Resort, Fogus and Stacy's motion to dismiss this claim should be granted.

Finally, with respect to Plaintiff's claim that Defendant Greenbrier Resort failed to pay her medical expenses, the Magistrate Judge found that Plaintiff failed to sufficiently allege factual detail to plausibly state a claim for relief on this breach of contract claim. Consequently, the Magistrate Judge recommended that Defendant Greenbrier Resort's motion to dismiss this claim be granted. The Magistrate Judge also found that the Resort appeared to acknowledge that Plaintiff's "Claim of Negligence Pertaining to Premises Liability" was adequately stated and, thus, this claim survived the Defendants' motions.

Objections to the Magistrate Judge's *Proposed Findings and Recommendation* were due by March 18, 2013. No party has timely filed objections to the Magistrate Judge's *Proposed Findings and Recommendation*. The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140,

3

150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

Accordingly, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in the *Proposed Findings and Recommendation*, and **ORDERS** that:

1. Defendant Greenbrier Resort's Motion to Dismiss (Document 11) as to Plaintiff's "Claim of Negligence of Right to Care of Choice" and "Claim of Failure to Pay for Medical Expenses" be **GRANTED**, but that this Defendant's Motion to Dismiss be **DENIED** as to Plaintiff's "Claim of Negligence Pertaining to Premises Liability" and as to its request for costs and attorneys' fees.

2. Defendant Justice's Motion to Dismiss (Document 12) be **GRANTED** to the extent he seeks dismissal of the action and **DENIED** to the extent he requests costs and attorneys' fees.

3. Defendant Miller's Motion to Dismiss (Document 13) be **GRANTED** to the extent she seeks dismissal of the action and **DENIED** to the extent she requests costs and attorneys' fees.

4. Defendant Fogus' Motion to Dismiss (Document 14) be **GRANTED** to the extent he seeks dismissal of the action and **DENIED** to the extent he requests costs and attorneys' fees.

5. Defendant Stacy's Motion to Dismiss (Document 15) be **GRANTED** to the extent he seeks dismissal of the action and **DENIED** to the extent he requests costs and attorneys' fees.

6. This matter be **REFERRED** back to the Honorable R. Clarke VanDervort for prosecution of Plaintiff's surviving claim for negligence pertaining to premises liability.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge VanDervort, to counsel of record, and to any unrepresented party.

ENTER: April 3, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA