## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **SCARLETT FAITH MCNEILLY,**   )<br>  )<br>     **Plaintiff,**   )<br>  )<br>**v.**   )<br>  )<br>**THE GREENBRIER RESORT,** *et al.***,**   )<br>  )<br>     **Defendants.**   ) | **CIVIL ACTION NO. 5:12-4609** |

### O R D E R

Pending before the Court is Plaintiff's "Motion to Amend Amended Complaint" (Document No. 46.), filed on May 20, 2013. In her Motion to Amend, Plaintiff requests "to change number 11, [Claim of Negligence of Right to Care of Choice], to Negligence of Care to Patient." (Id.)

In its "Response in Opposition to Plaintiff's Motion to Amend Amended Complaint," Greenbrier Resort argues that the Court should "deny plaintiff's Motion on the grounds that the Court has previously ruled in favor of defendant on this issue." (Document No. 49.) Greenbrier Resort asserts that "Plaintiff's Motion seeks only to modify the title of her second claim from 'Claim of Negligence of Right to Care of Choice' to 'Negligence of Care to Patient.'" (Id., p. 1.) Greenbrier Resort explains that "plaintiff seeks to modify the title of her second claim in order to formally assert a negligence cause of action related to the manner in which Greenbrier's employees transported and cared from plaintiff following her alleged slip and fall." (Id.) Greenbrier Resort states that "the District Court has already dismissed plaintiff's second claim – even to the extent such claim alleges a negligence cause of action." (Id., p. 2.) Therefore, Greenbrier Resort requests that the Court deny Plaintiff's "Motion to Amend Amended Complaint." (Id., pp. 2 - 3.)

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that a party may amend his

or her pleadings "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] motion to amend should be denied only where it would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Marfork Coal Co. v. Smith, 2011 WL 744727 (S.D.W.Va. Feb. 23, 2011)(J. Berger)(citations omitted).

Based on a review of the record, the Court finds Plaintiff's Motion to Amend should be denied as the amendment would be futile. Plaintiff is requesting that the title of the second claim be amended from "Claim of Negligence of Right to Care of Choice" to "Negligence of Care to Patient." In considering Greenbrier Resorts' Motion to Dismiss, this undersigned determined that Plaintiff had failed to state a negligence claim regarding the care and treatment provided by Greenbrier Resort to Plaintiff following her alleged fall. (Document No. 34.) Specifically, the undersigned stated as follows in his Proposed Findings and Recommendation:

> Construing Plaintiff's complaint liberally, her allegations do not state the essential elements of a negligence action and fail to provide sufficient factual detail to plausibly demonstrate a claim for relief. The undersigned first finds there is no cause of action for "negligence of right to care of choice" in West Virginia. Next, the undersigned will consider whether Plaintiff has adequately plead a claim of negligence. To the extent Plaintiff is merely alleging a claim of negligence, Plaintiff has failed to allege the necessary elements. Specifically, Plaintiff fails to allege what injuries she suffered as a proximate cause of Greenbrier Resort's conduct in attempting to care for her following her alleged slip and fall. Plaintiff alleges that as a result of Greenbrier Resort's policies, she was recklessly moved by Greenbrier staff following her injury. Plaintiff, however, fails to allege that she suffered any injuries as a result of being moved by staff of the Greenbrier Resort.

(Id., pp. 10 - 11.) By Memorandum Opinion and Order entered on April 3, 2013, United States District Judge Irene C. Berger adopted the undersigned's recommendation. (Document No. 39.) Specifically, District Judge Berger stated as follows:

> Relative to Plaintiff's claim for "negligence of right to care of choice" against the remaining moving Defendants, the Magistrate Judge found that this claim should be dismissed because there is no such cause of action in West Virginia. Additionally, the Magistrate Judge found that, to the extent Plaintiff merely alleged a claim of negligence, she failed to alleged what injuries she suffered as a proximate cause of Defendants' conduct in attempting to care for her following her alleged slip and fall or that she suffered injuries as a result of being moved by staff of the Resort. Accordingly, the Magistrate Judge recommended that Defendants Greenbrier Resort, Fogus and Stay's motion to dismiss this claim should be granted.

(Id., p. 3.) The undersigned therefore finds an amendment of the title of the second claim from "Claim of Negligence of Right to Care of Choice" to "Negligence of Care to Patient" would be futile because the Court has already determined that Plaintiff's Complaint failed to state a negligence claim as to the treatment and care rendered by the Greenbrier Resort following Plaintiff's alleged slip and fall. Based upon the foregoing, it is hereby **ORDERED** that Plaintiff's "Motion to Amend Amended Complaint" (Document No. 46.) is **DENIED**.

The Clerk is directed to send a copy to Plaintiff, who is acting *pro se*, and counsel of record.

ENTER: June 11, 2013.

R. Clarke VanDervort
United States Magistrate Judge