IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

SCARLETT FAITH MCNEILLY,     )
                                       )
          Plaintiff,       )
v.                               )          Civil Action No. 5:12-4609
                                       )
THE GREENBRIER RESORT, *et al.*,   )
                                       )
         Defendants.    )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following Motions: (1) Defendant Gallagher Basset Services, Inc.'s Motion to Dismiss Complaint (Document No. 40.), filed on April 18, 2013; and (2) Defendant Justice Family Group, LLC's Motion to Dismiss Complaint (Document No. 60.), filed on July 5, 2013. The Court notified Plaintiff pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to Defendants' Motions and submit Affidavit(s) or statements and/or other legal or factual material supporting her claims as they are challenged by Defendants in moving to dismiss. (Document Nos. 41 and 61.) On May 20, 2013, Plaintiff filed her Response in Opposition to Defendant Gallagher Basset's Motion to Dismiss. (Document No. 47.) Plaintiff did not file a Response to  Defendant Justice Family Group's Motion to Dismiss. Having conducted a thorough examination of the record, the undersigned has determined and hereby respectfully recommends that Defendants' Motions to Dismiss be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 22, 2012, Plaintiff, acing *pro se*, filed her Complaint in this matter pursuant to Title 28 U.S.C. §1332. (Document No. 1.) Plaintiff alleges that she is a citizen of the State of Ohio and sustained injuries as a result of a slip and fall at The Greenbrier Resort located in State of West

Virginia. (Id., pp. 1 - 2.) Plaintiff named the following as Defendants: (1) The Greenbrier Resort; (2) James C. Justice, II; (3) Justice Family Group, LLC; (4) Gallagher Basset Service, Inc.; (5) Kathy Miller; (6) Paul Fogus; and (7) Tom Stacy. (Id., p. 1.) Upon filing her Complaint, Plaintiff paid the $350.00 filing fee. (Document No. 1-2.)

By Order entered on September 4, 2012, the Court ordered that the Clerk issue Summonses pursuant to Rule 4, Federal Rules of Civil Procedure upon the Defendants and send the Summonses to Plaintiff for service. (Document No. 4.) The Clerk issued Summonses for Defendants on September 4, 2012. (Document No. 5.)

On November 1, 2012, Greenbrier Resort, James C. Justice, Kathy Miller, Paul Fogus, and Tom Stacy filed Motions to Dismiss. (Document Nos. 11 - 15.) In Greenbrier Resort, Fogus, and Stacy's Motions to Dismiss, Defendants argued that (1) Plaintiff failed to demonstrate subject matter jurisdiction, and (2) Plaintiff failed to state a claim upon which relief may be granted. (Document Nos. 11, 14, and 15.) In Justice and Miller's Motions to Dismiss, Defendants contended as follows: (1) Plaintiff failed to demonstrate subject matter jurisdiction; (2) Plaintiff failed to properly serve the Defendants; and (3) The Complaint fails to state a claim upon which relief can be granted. (Document Nos. 12 and 13.)

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on November 2, 2012, advising her of the right to file a response to the Defendants' Motions to Dismiss. (Document No. 16.) On December 3, 2012, Plaintiff filed her Response in Opposition and Affidavits in Support. (Document Nos. 18, 21, 22, and 23.)

On December 3, 2012, Plaintiff also filed a Motion to Amend Complaint and her "Basis for the Court's Jurisdiction." (Document Nos. 19 and 20.) In her Motion to Amend, Plaintiff explains

that she is proceeding *pro se* and "was unaware Defendants ought to be named in the complaint body, or that the cause of action be named in the complaint body, or that jurisdiction of diversity ought to be shown in the complaint body." (Document No. 19, p. 1.) Plaintiff states that "all of these were included on the civil cover sheet." (Id.) In her "Basis for the Court's Jurisdiction," Plaintiff states that the "basis of federal court jurisdiction is due to diversity of citizenship - - the parties reside in different states. The plaintiff lives in Ohio; all the defendants reside in West Virginia. Additionally,  plaintiff seeks damages exceeding $75,000." (Document No. 20, pp. 2 - 3.) Plaintiff also sets forth details of the alleged events occurring while she was a guest at the Greenbrier Resort, which resulted in her suffering injury from a fall in the bathtub at the Greenbrier Resort. (Id., pp. 3 - 5.) Plaintiff states a "Claim of Negligence Pertaining to Premises Liability"; a "Claim of Negligence to Right to Care of Choice"; and a "Claim of Failure to Pay Medical Expenses." Apparently, Plaintiff intends this document to be her Amended Complaint.

On December 12, 2012, Greenbrier Resort, Fogus, Justice, Miller, and Stacy filed their Replies. (Document Nos. 24 - 28.) First, Greenbrier Resort, Fogus, Justice, Miller, and Stacy acknowledged that their Motions to Dismiss based upon lack of subject matter jurisdiction would be moot "to the extent the Court would allow Plaintiff to file an Amended Complaint." (Id.) Second, Greenbrier Resort contended that Plaintiff's "Claim of Negligence of Right to Care of Choice" and "Claim of Failure to Pay Medical Expenses" should be dismissed for failure to state a claim. (Document No. 24.) Third, Fogus and Stacy claimed that their Motions to Dismiss should be granted because Plaintiff's "Claim of Negligence of Right to Care of Choice" fails to state a claim against them. (Document No. 28.) Finally, Justice and Miller stated that their Motions to Dismiss should be granted because Plaintiff failed to properly serve them and failed to "state actionable conduct on

the part of this defendant." (Document Nos. 26 and 27.)

On March 1, 2013, the Court granted Plaintiff's Motion to Amend Complaint (Document Nos. 19 and 20.). (Document No. 32.) By Proposed Findings and Recommendation also entered on March 1, 2013, the undersigned recommended that the District Court grant in part and deny in part Defendants' Motions to Dismiss. (Document No. 34.) Specifically, the undersigned recommended as follows:

> that the District Court **GRANT** Greenbrier Resort's Motion to Dismiss (Document No. 11) as to Plaintiff's "Claim of Negligence of Right to Care of Choice" and "Claim of Failure to Pay for Medical Expenses" and **DENY** Greenbrier Resort's Motion to Dismiss (Document No. 11) as to its request for costs and as to Plaintiff's "Claim of Negligence Pertaining to Premises Liability;" **GRANT** Defendant Justice's Motion to Dismiss (Document No. 12.) to the extent he seeks dismissal of the action and **DENY** Defendant Justice's Motion to Dismiss (Document No. 12) as to his request for costs and attorneys' fees; **GRANT** Defendant Miller's Motion to Dismiss (Document No. 13.) to the extent she seeks dismissal of the action and **DENY** Defendant Miller's Motion to Dismiss (Document No. 13) as to her request for costs; **GRANT** Defendant Fogus' Motion to Dismiss (Document No. 14.) to the extent he seeks dismissal of the action and **DENY** Defendant Fogus' Motion to Dismiss (Document No. 14) as to his request for costs; **GRANT** Defendant Stacy's Motion to Dismiss (Document No. 15.) to the extent he seeks dismissal of the action and **DENY** Defendant Stacy's Motion to Dismiss (Document No. 15) as to his request for costs.

(Id.) On March 19, 2013, Greenbrier Resort filed its Answer to Plaintiff's Amended Complaint. (Document No. 37.) By Memorandum Opinion and Order entered on April 3, 2013, United States District Judge Irene C. Berger adopted the undersigned's recommendation. (Document No. 39.)

On April 18, 2013, Defendant Gallagher Basset filed its instant Motion to Dismiss. (Document No. 40.) In its Motion, Defendant Gallagher Basset argues that Plaintiff failed to state a claim upon which relief may be granted. (Id.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on April 19, 2013, advising her of the right to file a response to the Defendant Gallagher Basset's Motion to Dismiss. (Document No. 41.) On May 20,

2013, Plaintiff filed her Response in Opposition. (Document No. 47.) Plaintiff claims that "Greenbrier is a client of Gallagher Basset Services, Inc., . . . [which] makes Gallagher Basset Services, Inc., an employee of The Greenbrier." (Id., p. 2.) As Exhibits, Plaintiff attaches the following: (1) "Affidavit of Scarlett Faith McNeilly" (Id., pp. 3 - 7.); (2) Affidavit of Pat Butler (Id., pp. 8 - 10.); (3) Affidavit of Cynthia Sarko (Id., pp. 11 - 12.); and (4) A copy of a letter dated August 13, 2012, from Kevin Gilmore, a Claims Specialist with Gallagher Basset (Id., p. 13.).

On May 22, 2013, Defendant Gallagher Basset filed its Reply. (Document No. 48.) Defendant Gallagher Basset contends that "Plaintiff's Amended Complaint alleges that defendant is 'an insurance company for the Greenbrier Resort' but fails to make any other specific allegation against this defendant." (Id.) Thus, Defendant Gallagher Basset continues to argue that Plaintiff's Amended Complaint is legally insufficient. (Id.)

On July 5, 2013, Defendant Justice Family Group filed its instant Motion to Dismiss arguing that Plaintiff fails to state a claim upon which relief may be granted. (Document No. 60.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on July 8, 2013, advising her of the right to file a response to the Defendant Justice Family Group's Motion to Dismiss. (Document No. 61.) Plaintiff did not file a Response.

By Stipulation and Agreed Order entered September 10, 2013, Greenbrier Hotel Corporation was substituted as a Defendant in place of The Greenbrier Resort. (Document No. 68.)

**THE STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S.

554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## DISCUSSION

Although pleadings filed by a *pro se* plaintiff are entitled to liberal construction, this "does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." Drummond v. South Carolina Department of Corrections, 2012 WL 5077575, * 3 (D.S.C. Oct. 1, 2012)(citing Weller v. Department of Social Services, 901 F.2d 387, 390-91 (4th Cir. 1990)). Federal Rule of Civil Procedure 8(a)(2) provides that "[a] pleading that states a claim for relief must contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(d)(1) provides that the allegations contained in the pleading "must be simple, concise and direct." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949(quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1955). "A claim has facial plausibility when the plaintiff pleads factual content that

6

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Thus, when a defendant challenges the sufficiency of a complaint under Rule 8(a)(2), the Court examines the factual allegations contained therein to determined if they reasonably indicate that discovery will yield evidence of all of the elements of the plaintiff's claim. If, viewing the factual allegations as true, the Court cannot conclude that discovery will yield evidence of all of the elements of the plaintiff's claim, the Court must dismiss the claim.

**A.     Gallagher Basset's Motion to Dismiss:**

**(i)     Claim of Negligence:**

"To state a claim for negligence, the plaintiff must allege the existence of a duty, the defendant's breach of that duty, causation, and damages." NSBC Bank USA, National Association v. Resh, 2013 WL 312871, * 11 (S.D.W.Va. Jan. 25, 2013); also see Strahin v. Cleavenger, 216 W.Va. 175, 603 S.E.2d 197, 205 (2004)("To prevail in a negligence suit, the plaintiff must prove by a preponderance of the evidence that the defendant owed a legal duty to the plaintiff and that by breaching that duty the defendant proximately caused the injuries to the plaintiff.")

In its Motion to Dismiss, Gallagher Basset argues that Plaintiff has "failed to state a claim that entitles her to relief. (Document No. 40.) First, Gallagher Basset states that "Plaintiff has alleged no actionable conduct on the part of the Defendant" or "made any specific claims against this

defendant." (<u>Id.</u>, p. 4.) Gallagher Basset contends that Plaintiff merely alleges that "these defendants - The Greenbrier Resort; James C. Justice, II, Justice Family Group, LLC; Gallagher Basset Services, Inc. did the misconduct of negligence as follows." (<u>Id.</u>) Gallagher Basset, however, asserts that Plaintiff "fails to allege that the 'negligence' on the part of this defendant was the proximate cause of any injury or complication." (<u>Id.</u>, pp. 4 - 5.) Gallagher Basset notes there is no allegation that it was an employee of the Greenbrier or that it was involved with the alleged accident. (<u>Id.</u>) Thus, Gallagher Basset contends that "Plaintiff has failed to allege the necessary elements to make a *prima facie* case of negligence against this defendant." (<u>Id.</u>, p. 5.) Finally, Gallagher Basset contends that Plaintiff's claim of "'negligence of right to care of choice,' must be dismissed as it is not a legally recognized claim in West Virginia." (<u>Id.</u>)

In Response, Plaintiff contends that her claim against Gallagher Basset should not be dismissed because "Defendant knew of [her] injury and claim prior to it being filed in court." (Document No. 47, p. 1.) Plaintiff contends that "The Greenbrier is a Client of Gallagher Basset Services, Inc., therefore are paid by said above client, making Gallagher Basset Services, Inc. an employee of The Greenbrier." (<u>Id.</u>) Finally, Plaintiff attaches a copy of a letter from Gallagher Basset. (<u>Id.</u>, p. 13.) Plaintiff contends that the attached letter explains "why the claim is denied along with an admission of that the Greenbrier tubs are slippery therefore a mat is provided for ones safety." (<u>Id.</u>, pp. 1 - 2.)

In Reply Gallagher Basset continues to argue that "Plaintiff's Amended Complaint alleges that defendant is 'an insurance company for the Greenbrier Resort' but fails to make any other specific allegation against this defendant." (Document No. 48.) Gallagher Basset further states that "Plaintiff's Response makes no additional meritorious allegations." (<u>Id.</u>) Finally, Gallagher Basset

contends "there is no conceivable basis on which to determine that this defendant engaged in any actionable conduct." (Id.)

In Plaintiff's Amended Complaint,[1] she alleges a "Claim of Negligence Pertaining to Premises Liability" and a "Claim of Negligence of Right to Care of Choice" against Gallagher Basset. (Document No. 20, pp. 3 - 4.) In the "Claim of Negligence Pertaining to Premises Liability" section, Plaintiff alleges that the "bathtub was excessively slippery, which created a dangerous condition in the bathroom of room 6617 of the Greenbrier Resort on the date of August 23, of 2010." (Id., p. 3.) Plaintiff alleges that Gallagher Basset failed to warn "of this dangerous condition" and "defendants should have known this was a dangerous condition." (Id.) Plaintiff further asserts that Gallagher Basset "should have procedures to ensure a tub mat is provided to guests, and defendants should have known the tub mat was not provided to room 6617." (Id.) Plaintiff claims that she encountered the dangerous condition on August 23, 2010, and sustained injuries. (Id.)

In the "Claim of Negligence of Right to Care of Choice" section, Plaintiff alleges that Gallagher Basset "moved plaintiff, without plaintiff's consent, to the internal clinic in a wheelchair without proper care to plaintiff's neck, back, head, or spine knowing that plaintiff could have neck or head injuries from the encounter with the dangerous condition." (Id.) Plaintiff states that she requested that EMT's be called to the scene of the injury, but her "request was disregarded as the Greenbrier Resort's policy is to move an injured person to their internal clinic." (Id.) Therefore, Plaintiff claims that the Gallagher Basset was "responsible for creating this policy of reckless disregard" and "Plaintiff has a legal right to medical care of her choice." (Id.)

---

[1] The undersigned considered Plaintiff's "Basis for Court's Jurisdiction" as her Amended Complaint.

Construing Plaintiff's complaint liberally, her allegations do not state the essential elements of a negligence action and fail to provide sufficient factual detail to plausibly demonstrate a claim for relief. The undersigned first finds there is no cause of action for "negligence of right to care of choice" in West Virginia. Next, the undersigned will consider whether Plaintiff has adequately plead a claim of negligence. To the extent Plaintiff is merely alleging claims of negligence, Plaintiff has failed to allege the necessary elements. Concerning the "Claim of Negligence Pertaining to Premises Liability," Plaintiff fails to allege factual content that allows the Court to draw the reasonable inference that Gallagher Basset is liable for the alleged misconduct. Specifically, Plaintiff fails to allege that Gallagher Basset is the owner or occupant of the premises. See Doe v. Wal-Mart Stores, Inc., 198 W.Va. 100, 479 S.E.2d 610 (1996)(The owner or occupant of premises owes to invited persons a duty to exercise ordinary care to keep and maintain the premises in a reasonably safe condition.) Plaintiff merely alleges that Gallagher Basset is "an insurance company for the Greenbrier Resort." Plaintiff's conclusory allegation that Gallagher Basset owed her a duty of care is insufficient. Accordingly, the undersigned finds that Gallagher Basset's Motion to Dismiss (Document No. 40.) should be granted as to Plaintiff's "Claim of Negligence Pertaining to Premises Liability."

Concerning the "Claim of Negligence of Right to Care of Choice," Plaintiff fails to allege what injuries she suffered as a proximate cause of Gallagher Basset's conduct in attempting to care for her following her alleged slip and fall. Plaintiff alleges that as a result of Gallagher Basset's policies, she was recklessly moved by Greenbrier staff following her injury. Plaintiff, however, fails to allege that she suffered any injuries as a result of being moved by staff of the Greenbrier Resort. Accordingly, the undersigned finds that Gallagher Basset's Motion to Dismiss (Document No. 40.)

10

should be granted as to Plaintiff's "Claim of Negligence of Right to Care of Choice."

  *(ii)*  **Claim for Breach of Contract.**

  In its Motion to Dismiss, Gallagher Basset argues that "this Court previously construed plaintiff's 'Failure to Pay for Medical Expenses' as a breach of contract claim, and found that plaintiff's allegations 'do not state the essential elements of a breach of contract claim." (Document No. 40, p. 6.) Gallagher Basset claims that "Plaintiff's unrevised Amended Complaint still fails to state the essential elements of a breach of contract claim and fails to provide sufficient factual detail to plausibly demonstrate a claim for relief." (Id.) Thus, Gallagher Basset contends that the above claim should be dismissed for failure to state a claim upon which relief can be granted. (Id.)

  Plaintiff filed a Response in Opposition to Gallagher Basset's Motion to Dismiss. (Document No. 47.) As Exhibits to her Response, Plaintiff attaches a copy of her Affidavit and the Affidavit of Cynthia Sarko, an employee of Barnot Family Chiropractic. (Id., pp. 3 - 7, 11 - 12.) In their Affidavits, Plaintiff and Ms. Sarko state that Karen Boyd, an employee of the Greenbrier Resort, advised them to send Plaintiff's medical bills to The Greenbrier. (Id.)

  In Plaintiff's Amended Complaint, Plaintiff alleges a "Claim of Failure to Pay for Medical Expenses" against Gallagher Basset. (Document No. 20, p. 5.) In this section, Plaintiff alleges that the Gallagher Basset "reneged on their promise and legal obligation to pay plaintiff's injury bills." (Id.) Plaintiff alleges that "[v]erbal reassurance and promise to pay was affirmed to plaintiff's doctor's office manager, Cindy Sarko, by Karen Boyd, former Executive Assistant to Greenbrier's CFO . . . on or about September or October of 2010." (Id.) Plaintiff states that "no amount has been paid by Greenbrier" and "[t]his lack of payment has kept plaintiff from getting all of the care she needs." (Id.) Plaintiff, therefore, claims that she "has a right to receive paid medical treatment for

injuries sustained on the Greenbrier premises, and plaintiff's doctors have a reasonable expectation of promise to pay being kept by Greenbrier and their agents, so that such treatment can proceed." (Id.)

Construing Plaintiff's complaint liberally, the Court finds that Plaintiff's allegations do not state the essential elements of a breach of contract claim and fail to provide sufficient factual detail to plausibly demonstrate a claim for relief. To state of claim for breach of contract, Plaintiff must allege the following: (1) the existence of a valid, enforceable contract; (2) that the plaintiff has performed under the contract; (3) that the defendant has breached or violated its duties or obligations under the contract; and (4) that the plaintiff has been injured as a result. Kanawha-Gauley Coal & Coke Co. v. Pittston Minerals Group, Inc., 2011 WL 3022239, * 10 (S.D.W.Va. July 22, 2011)(citing Executive Risk Indemnity, Inc. v. Charleston Area Medical Center, Inc., 681 F. Supp.2d 694, 714 (S.D.W.Va. 2009)). The elements of a contract are an offer and an acceptance supported by consideration. First National Bank of Gallipolis v. Marietta Manufacturing Co., 151 W.Va. 636, 642, 153 S.E.2d 172, 177 (1967). Consideration is "some right, interest, profit, or benefit accruing to one party, or some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by another." Id. Consideration is "an essential element of, and is necessary to the enforceability or validity of a contract." Id. A "promise or contract where there is no valuable consideration, and where there is no benefit moving to the promisor or damage or injury to the promisee, is void." Syl. Pt. 2, Sturm v. Parish, 1 W.Va. 125 (1865). The undersigned finds there is no allegation that a valid, enforceable contract existed between the Gallagher Basset and Plaintiff. Plaintiff merely alleges that the Gallagher Basset "reneged on their promise and legal obligation to pay plaintiff's injury bills." There is no allegation that Plaintiff gave consideration in exchange for

Gallagher Basset's alleged promise to pay medical expenses. Based on the foregoing, the undersigned finds that Plaintiff has failed to state a claim of breach of contract. The undersigned, therefore, finds that Gallagher Basset's Motion to Dismiss (Document No. 40.) should be granted as to Plaintiff's "Claim of Failure to Pay for Medical Expenses."

**B.    Defendant Justice Family Group's Motion to Dismiss:**

In its Motion to Dismiss, Defendant Justice Family Group argues that Plaintiff has failed to state a claim that entitles her to relief. (Document No. 60.) First, Justice Family Group contends that Plaintiff has failed to state a negligence claim. (Id.) Justice Family Group states that "the only specific allegation contained in the Amended Complaint directed to this defendant is that this defendant owns defendant Greenbrier Resort." (Id., p. 4.) Justice Family Group notes that it and "Greenbrier Hotel Corporation, which is the proper name of defendant Greenbrier Resort, are separate and legally distinct entities." (Id., pp. 4 - 5.) Justice Family Group states that "[t]he only other mention of this defendant with respect to plaintiff's negligence claim, is in a general 'catch-all' allegation." (Id., p. 5.) Justice Family Group argues that "[n]ot only has plaintiff failed to allege that any actionable conduct on the part of this defendant was the proximate cause of any injury or complication, but plaintiff has made no allegation that the corporate veil of this defendant should be pierced." (Id.) Justice Family Group explains that "Plaintiff has failed to allege any facts whatsoever to show: 1) that this defendant owed a duty to plaintiff; or 2) that plaintiff sustained any specific injuries or damages as a proximate result of the actions or inactions of this defendant." (Id.) Second,  Justice Family Groups asserts that Plaintiff's claim of "'negligence of right to care of choice,' must be dismissed as it is not a legally recognized claim in West Virginia." (Id., p. 6.) Finally, Justice Family Group states that "this Court previously construed plaintiff's 'Failure to Pay

for Medical Expenses' as a breach of contract claim." (Id.)

Based upon a review of the record, the undersigned finds that Justice Family Group's Motion to Dismiss should be granted. Notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on July 8, 2013, advising her of the right to file a response to Justice Family Group's Motion to Dismiss and advising that her claims were subject to being dismissed if she failed to respond. Plaintiff, however, failed to file a Response objecting to Justice Family Group's Motion. Accordingly, the undersigned finds that Justice Family Group's Motion to Dismiss should be granted to the extent it requests dismissal of the action.

**C.     Attorneys' Fees and Costs:**

In their Motions to Dismiss, Defendants Gallagher Basset and Justice Family Group request an award of costs and attorneys' fees. Defendants, however, fail to explain why the Court should award such fees and costs. Rule 11(c)(1) of the Federal Rules of Civil Procedure provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation." Fed.R.Civ.P. 11(c)(1). The Court, however, notes that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed.R.Civ.P. 11(c)(2). In the instant case, Defendants did not file a motion for sanctions separately from their Motions to Dismiss. Additionally, Defendants failed to described the specific conduct by Plaintiff which allegedly violated Rule 11(b). The undersigned, therefore, finds that the above Defendants are not entitled to an award of sanctions under Rule 11.

Furthermore, Title 28 U.S.C. § 1927 provides that a Court may award attorneys' fees and costs for conduct which "so multiplies the proceedings in any case unreasonably and vexatiously

14

. . ..." The Fourth Circuit has recognized that "a finding of bad faith is a necessary precondition to imposition of fees" pursuant to 18 U.S.C. § 1927. <u>Hunt v. Lee</u>, 166 Fed.Appx. 669, 671 (4th Cir. 2006)(citing <u>Brubaker v. City of Richmond</u>, 943 F.2d 1363, 1382 n. 25 (4th Cir. 1991)). Additionally, the Court has wide discretion in determining whether to award such fees and costs. <u>See Carroll v. Wolpoff & Abramson</u>, 53 F.3d 626, 631 (4th Cir. 1995). Although the undersigned has determined that some of the Defendants and claims should be dismissed, there is absolutely no evidence that Plaintiff filed her Complaint acting in bad faith. Further, there is no allegation that Plaintiff's Complaint contained frivolous allegations or was filed with malicious intent. Based on the foregoing, the undersigned finds that Defendants Gallagher Basset and Justice Family Group's request for attorneys' fees and costs should be denied.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT in part and DENY in part** Defendant Gallagher Basset's and Justice Family Group's Motions to Dismiss (Document Nos. 40 and 60.). Specifically, the undersigned recommends that the District Court **GRANT** Defendant Gallagher Basset's and Justice Family Group's Motions to Dismiss to the extent they seek dismissal of the action and **DENY** Gallagher Basset's and Justice Family Group's Motions to Dismiss to the extent they request an award for costs and attorneys' fees.

The Parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and

72(b), Federal Rules of Civil Procedure, the Parties shall have seventeen (17) days (fourteen days,
filing of objections and three days, mailing/service) from the date of filing of this Findings and
Recommendation within which to file with the Clerk of this Court specific written objections
identifying the portions of the Findings and Recommendation to which objection is made and the
basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*
review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.
Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985);
Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94
(4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger
and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to
Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: October 22, 2013.

R. Clarke VanDervort
United States Magistrate Judge

16