**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

SCARLETT FAITH MCNEILLY,

                Plaintiff,

v.                                   CIVIL ACTION NO.   5:12-cv-04609

GREENBRIER HOTEL CORPORATION, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Scarlett F. McNeilly, proceeding *pro se,* initiated this civil action after allegedly sustaining injuries when she fell in a bathtub while a guest at the Greenbrier Resort against the following Defendants: (1) the Greenbrier Resort ("the Resort")[1]; (2) James C. Justice, II, alleged owner of the Resort; (3) Justice Family Group, LLC, alleged owner of the Resort; (4) Gallagher Basset Services, Inc., alleged insurance company for the Resort; (5) Kathy Miller, Resort Nurse; (6) Paul Fogus, Resort security guard and (7) Tom Stacy, Resort security guard.   The Court has reviewed the Plaintiff's August 22, 2012 Complaint (Document 1) and the amended pleading filed on December 3, 2012 (*see* Basis for the Court's Jurisdiction ("Amended Complaint") (Document 20)), wherein she has asserted three claims: negligence pertaining to premises liability, negligence of right to care of choice, and failure to pay for medical expenses.   (Amended Compl. §§ 10-12). In a previous Opinion, the Court granted the Greenbrier Resort's motion to dismiss the Plaintiff's

---

[1] By Stipulation and Agreed Order entered on September 10, 2013, Greenbrier Hotel Corporation was substituted as a Defendant in place of The Greenbrier Resort.   (Document 68.)

claims for negligence of right to care of choice and for failure to pay medical claims, leaving only the claim for negligence pertaining to premises.  (Mem. Opn. (Document 39.)   In addition, the Court granted motions to dismiss from Defendants Justice, Miller, Fogus, and Stacy, leaving as defendants the Greenbrier Hotel Corporation, the Justice Family Group, and Gallagher Basset Services.   On April 18, 2013, Defendant Gallagher Basset Services filed a *Motion to Dismiss* (Document 40) in which it argues that the Plaintiff has failed to state a claim upon which relief may be granted.   On July 5, 2013, Justice Family Group, LLC filed a *Motion to Dismiss* (Document 60), also asserting that the Plaintiff failed to state a claim upon which relief may be granted.   Each Defendant included a claim for costs incurred in defending the matter.   The Plaintiff filed a *Response in Opposition* to Defendant Gallagher Basset's motion (Document 47), but did not file a Response to Defendant Justice Family Group's Motion.

By *Standing Order* (Document 3) entered on August 22, 2012, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On October 22, 2013, the Magistrate Judge submitted Proposed Findings and Recommendation (PFFR) (Document 72), wherein it is recommended that this court deny in part and grant in part Defendants' motions. Specifically, the Magistrate Judge found that the Plaintiff had failed to state the essential elements of any cause of action against Gallagher Basset Services, and failed to respond to Defendant Justice Family Group's motion to dismiss despite issuance of notice advising her that her claims were subject to dismissal if she failed to respond.  (PFFR at 10–14.) The Magistrate Judge also found that each Defendant's request for costs and attorney fees should be denied.   (PFFR at 14–15.)

Objections to the Magistrate Judge's Proposed Findings and Recommendation were due by November 8, 2013.   No party has timely filed objections to the Proposed Findings and Recommendation.   The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this Court's Order.   28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

Accordingly, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in the Proposed Findings and Recommendation, and **ORDERS** that Defendant Gallagher Basset's Motion to Dismiss (Document 40) and Defendant Justice Family Group's Motion to Dismiss (Document 60) be **GRANTED** to the extent they seek dismissal of the action and **DENIED** to the extent they request costs and attorneys' fees.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:   November 26, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

3