**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

SCARLETT FAITH MCNEILLY,     )
     )
     **Plaintiff,**     )
v.     )     **Civil Action No. 5:12-4609**
     )
THE GREENBRIER RESORT, *et al.*,     )
     )
     **Defendants.**     )
     **Defendants.**     )

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's "Motion to Compel Defendant to Answer Plaintiff's Second Set of Interrogatory Questions and Production of Documents, and Compel Defendant to Comply with Federal Rule of Civil Procedure Rule 26(a)(1)(A)(iv) for Inspection Copying as Under Rule 34" (Document No. 104.), filed on February 3, 2014. Defendant filed its Response in Opposition on February 10, 2014. (Document No. 110.) Having thoroughly considered the issues raised by the Motion, the undersigned concludes that Plaintiff's Motion should be granted in part and denied in part.

## PROCEDURAL BACKGROUND

On August 22, 2012, Plaintiff, acing *pro se*, filed her Complaint in this matter pursuant to Title 28 U.S.C. §1332. (Document No. 1.) Plaintiff alleges that she is a citizen of the State of Ohio and sustained injuries as a result of a slip and fall at The Greenbrier Resort located in State of West Virginia. (Id., pp. 1 - 2.) Plaintiff named the following as Defendants: (1) The Greenbrier Resort; (2) James C. Justice, II; (3) Justice Family Group, LLC; (4) Gallagher Basset Service, Inc.; (5) Kathy Miller; (6) Paul Fogus; and (7) Tom Stacy. (Id., p. 1.) Upon filing her Complaint, Plaintiff paid the $350.00 filing fee. (Document No. 1-2.)

By Order entered on September 4, 2012, the Court ordered that the Clerk issue Summonses pursuant to Rule 4, Federal Rules of Civil Procedure upon the Defendants and send the Summonses to Plaintiff for service. (Document No. 4.) The Clerk issued Summonses for Defendants on September 4, 2012. (Document No. 5.)

On November 1, 2012, Greenbrier Resort, James C. Justice, Kathy Miller, Paul Fogus, and Tom Stacy filed Motions to Dismiss. (Document Nos. 11 - 15.) In Greenbrier Resort, Fogus, and Stacy's Motions to Dismiss, Defendants argued that (1) Plaintiff failed to demonstrate subject matter jurisdiction, and (2) Plaintiff failed to state a claim upon which relief may be granted. (Document Nos. 11, 14, and 15.) In Justice and Miller's Motions to Dismiss, Defendants contended as follows: (1) Plaintiff failed to demonstrate subject matter jurisdiction; (2) Plaintiff failed to properly serve the Defendants; and (3) The Complaint fails to state a claim upon which relief can be granted. (Document Nos. 12 and 13.)

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on November 2, 2012, advising her of the right to file a response to the Defendants' Motions to Dismiss. (Document No. 16.) On December 3, 2012, Plaintiff filed her Response in Opposition and Affidavits in Support. (Document Nos. 18, 21, 22, and 23.)

On December 3, 2012, Plaintiff also filed a Motion to Amend Complaint and her "Basis for the Court's Jurisdiction." (Document Nos. 19 and 20.) In her Motion to Amend, Plaintiff explains that she is proceeding *pro se* and "was unaware Defendants ought to be named in the complaint body, or that the cause of action be named in the complaint body, or that jurisdiction of diversity ought to be shown in the complaint body." (Document No. 19, p. 1.) Plaintiff states that "all of these were included on the civil cover sheet." (Id.) In her "Basis for the Court's Jurisdiction," Plaintiff

states that the "basis of federal court jurisdiction is due to diversity of citizenship - - the parties reside in different states. The plaintiff lives in Ohio; all the defendants reside in West Virginia. Additionally, plaintiff seeks damages exceeding $75,000." (Document No. 20, pp. 2 - 3.) Plaintiff also sets forth details of the alleged events occurring while she was a guest at the Greenbrier Resort, which resulted in her suffering injury from a fall in the bathtub at the Greenbrier Resort. (Id., pp. 3 - 5.) Plaintiff states a "Claim of Negligence Pertaining to Premises Liability"; a "Claim of Negligence to Right to Care of Choice"; and a "Claim of Failure to Pay Medical Expenses." Apparently, Plaintiff intends this document to be her Amended Complaint.

On December 12, 2012, Greenbrier Resort, Fogus, Justice, Miller, and Stacy filed their Replies. (Document Nos. 24 - 28.) First, Greenbrier Resort, Fogus, Justice, Miller, and Stacy acknowledged that their Motions to Dismiss based upon lack of subject matter jurisdiction would be moot "to the extent the Court would allow Plaintiff to file an Amended Complaint." (Id.) Second, Greenbrier Resort contended that Plaintiff's "Claim of Negligence of Right to Care of Choice" and "Claim of Failure to Pay Medical Expenses" should be dismissed for failure to state a claim. (Document No. 24.) Third, Fogus and Stacy claimed that their Motions to Dismiss should be granted because Plaintiff's "Claim of Negligence of Right to Care of Choice" fails to state a claim against them. (Document No. 28.) Finally, Justice and Miller stated that their Motions to Dismiss should be granted because Plaintiff failed to properly serve them and failed to "state actionable conduct on the part of this defendant." (Document Nos. 26 and 27.)

On March 1, 2013, the Court granted Plaintiff's Motion to Amend Complaint (Document Nos. 19 and 20.). (Document No. 32.) By Proposed Findings and Recommendation also entered on March 1, 2013, the undersigned recommended that the District Court grant in part and deny in part Defendants' Motions to Dismiss. (Document No. 34.) Specifically, the undersigned recommended

as follows:

> that the District Court **GRANT** Greenbrier Resort's Motion to Dismiss (Document No. 11) as to Plaintiff's "Claim of Negligence of Right to Care of Choice" and "Claim of Failure to Pay for Medical Expenses" and **DENY** Greenbrier Resort's Motion to Dismiss (Document No. 11) as to its request for costs and as to Plaintiff's "Claim of Negligence Pertaining to Premises Liability;" **GRANT** Defendant Justice's Motion to Dismiss (Document No. 12.) to the extent he seeks dismissal of the action and **DENY** Defendant Justice's Motion to Dismiss (Document No. 12) as to his request for costs and attorneys' fees; **GRANT** Defendant Miller's Motion to Dismiss (Document No. 13.) to the extent she seeks dismissal of the action and **DENY** Defendant Miller's Motion to Dismiss (Document No. 13) as to her request for costs; **GRANT** Defendant Fogus' Motion to Dismiss (Document No. 14.) to the extent he seeks dismissal of the action and **DENY** Defendant Fogus' Motion to Dismiss (Document No. 14) as to his request for costs; **GRANT** Defendant Stacy's Motion to Dismiss (Document No. 15.) to the extent he seeks dismissal of the action and **DENY** Defendant Stacy's Motion to Dismiss (Document No. 15) as to his request for costs.

(Id.) On March 19, 2013, Greenbrier Resort filed its Answer to Plaintiff's Amended Complaint. (Document No. 37.) By Memorandum Opinion and Order entered on April 3, 2013, United States District Judge Irene C. Berger adopted the undersigned's recommendation. (Document No. 39.)

On April 18, 2013, Defendant Gallagher Basset filed its Motion to Dismiss. (Document No. 40.) In its Motion, Defendant Gallagher Basset argued that Plaintiff failed to state a claim upon which relief may be granted. (Id.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on April 19, 2013, advising her of the right to file a response to the Defendant Gallagher Basset's Motion to Dismiss. (Document No. 41.) On May 20, 2013, Plaintiff filed her Response in Opposition. (Document No. 47.) Plaintiff claimed that "Greenbrier is a client of Gallagher Basset Services, Inc., . . . [which] makes Gallagher Basset Services, Inc., an employee of The Greenbrier." (Id., p. 2.) As Exhibits, Plaintiff attached the following: (1) "Affidavit of Scarlett Faith McNeilly" (Id., pp. 3 - 7.); (2) Affidavit of Pat Butler (Id., pp. 8 - 10.); (3) Affidavit of Cynthia Sarko (Id., pp. 11 - 12.); and (4) A copy of a letter dated August 13, 2012, from Kevin

4

Gilmore, a Claims Specialist with Gallagher Basset (<u>Id.</u>, p. 13.).

On May 22, 2013, Defendant Gallagher Basset filed its Reply. (Document No. 48.) Defendant Gallagher Basset argued that "Plaintiff's Amended Complaint alleges that defendant is 'an insurance company for the Greenbrier Resort' but fails to make any other specific allegation against this defendant." (<u>Id.</u>) Thus, Defendant Gallagher Basset continued to argue that Plaintiff's Amended Complaint is legally insufficient. (<u>Id.</u>)

On July 5, 2013, Defendant Justice Family Group filed its Motion to Dismiss arguing that Plaintiff fails to state a claim upon which relief may be granted. (Document No. 60.) Notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on July 8, 2013, advising her of the right to file a response to the Defendant Justice Family Group's Motion to Dismiss. (Document No. 61.) Plaintiff did not file a Response.

By Stipulation and Agreed Order entered September 10, 2013, Greenbrier Hotel Corporation was substituted as a Defendant in place of The Greenbrier Resort. (Document No. 68.) By Proposed Findings and Recommendation entered on October 22, 2013, the undersigned recommended that the District Court grant Defendant Gallagher Basset's and Justice Family Group's Motions to Dismiss to the extent they seek dismissal of the action and deny Gallagher Basset's and Justice Family Group's Motions to Dismiss to the extent they request an award of costs and attorney's fees. (Document No. 72.) By Memorandum Opinion and Order entered on November 26, 2013, District Judge Berger adopted the undersigned's recommendation. (Document No. 91.)

On February 3, 2014, Plaintiff filed a "Motion to Compel Defendant to Answer Plaintiff's Second Set of Interrogatory Questions and Production of Documents, and Compel Defendant Comply with Federal Rule of Civil Procedure Rule 26(a)(1)(A)(iv) for Inspection Copying as Under

Rule 34." (Document No. 104.) On February 4, 2014, Defendant Greenbrier Hotel Corporation filed

a Motion for Summary Judgment and Memorandum in Support. (Document Nos. 106 and 107.)

Specifically, Defendant argues that it is entitled to summary judgment because: (1) "Greenbrier

owed no duty to provide additional safety features for the bathtub beyond those that were already

provided" (Id., pp. 8 - 11.); (2) "There is no evidence that Greenbrier negligently cleaned the bathtub

or that any such cleaning activities contributed to the Plaintiff's alleged fall" (Id., pp. 16 - 17.); and

(3) "Plaintiff's expert has made no findings that support the conclusion that Greenbrier was

negligent" (Id., pp. 17 - 20.) On February 10, 2014, Defendant Greenbrier filed its Response in

Opposition to Plaintiff's Motion to Compel. (Document No. 110.) Notice pursuant to Roseboro v.

Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on February 11, 2014, advising her

of the right to file a response to the Defendant Greenbrier's Motion for Summary Judgment.

(Document No. 111.)

## **STANDARD**

The Federal Rules of Civil Procedure contemplate that in conjunction with disclosure, civil

discovery is a process of elucidation and clarification of facts and circumstances relevant to claims

and defenses as presented in pleadings through which the claims and defenses are validated, defined

and shaped and issues are sharpened and refined for consideration at the dispositive motion stage

and trial of a civil case. The civil discovery process is to be engaged in cooperatively. Violation of

the Rules undermines the process.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to
any party's claim or defense – including the existence, description, nature, custody,
condition, and location of any documents or other tangible things and the identity
and location of persons who know of any discoverable matter. For good cause, the
court may order discovery of any matter relevant to the subject matter involved in

the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Discovery is generally limited therefore to nonprivileged information which is relevant to any party's claims or defenses, and relevant information is information which is admissible at trial or might reasonably lead to the discovery of information which is admissible at trial. See State ex rel. Erie Ins. Property and Cas. Co. v. Mazzone, 218 W.Va. 593, 596, 625 S.E.2d 355, 358 (2005)("A threshold issue regarding all discovery requests is relevancy. This is so because '[t]he question of the relevancy of the information sought through discovery essentially involves a determination of how substantively the information requested bears on the issues to be tried.'" quoting Syllabus Point 4 of State Farm Mut. Auto. Ins. Co. v. Stephens, 188 W.Va. 622, 425 S.E.2d 577 (1992).) Rule 26(g) provides as follows:

> **(1) Signature Required; Effect of Signature.** Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name - - or by the party personally, if unrepresented . . .. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
>
> > **(A)**  with respect to a disclosure, it is complete and correct as of the time it is made; and
> >
> > **(B)**  with respect to a discovery request, response, or objection, it is:
> >
> > > **(i)**  consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
> > >
> > > **(ii)**  not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
> > >
> > > **(iii)**  neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.
>
> **(2) Failure to Sign.** Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or

party's attention.

**(3) Sanction for Improper Certification.** If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

When parties request relevant nonprivileged information in Interrogatories under Rules 33, their request "must be answered: (A) by the party to whom they are directed; or (b) if that party is a private corporation, . . . by any officer or agent, who must furnish the information available to the party." Fed.R.Civ.P. 33(b)(1). Federal Rule of Civil Procedure 33(b)(3) through (5) state further as follows:

**(3) Answering Each Interrogatory.** Each Interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.
**(4) Objections.** The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.
**(5) Signature.** The person who makes the answers must sign them, and the attorney who objects must sign any objections.

"Generic non-specific objections will not suffice when posed in response to reasonable Interrogatories. Objections to reasonable Interrogatories must be specific to each Interrogatory and explain or demonstrate precisely why or how the party is entitled to withhold from answering." Vica Coal Co., Inc., v. Crosby, 212 F.R.D. 498, 503 (S.D.W.Va. 2003). The Court requires strict adherence to these Rules. Saria v. Massachusetts Mutual Life Insurance Company, 228 F.R.D. 536, 538 (S.D.W.Va. 2005).

When parties request relevant nonprivileged information in a Request for Production or Inspection of Documents under Rule 34, "[t]he party to whom the request is directed must respond in writing . . .." Fed.R.Civ.P. 34(b)(2)(A). Federal Rule of Civil Procedure 34(b)(2)(B) and (C) provide as follows:

8

**(B)** *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.

**(C)** *Objections.* An objection to part of a request must specify the part and permit inspection of the rest.

Objections to Rule 34 requests must be stated specifically, and boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable. Frontier-Kemper Constructors, Inc., v. Elk Run Coal Company, Inc., 246 F.R.D. 522, 528 - 529 (S.D.W.Va. 2007).

The Rules anticipate that each objection to a discovery request will state precisely why the request is objectionable in view of the claims and defenses presented in the litigation. In most if not all cases, an objection to a discovery request in conformity with the Rules will contain (1) a recital of the parties' claims and defenses, (2) a summary of the applicable statutory and/ or case law upon which the parties' claims and defenses are predicated including the elements of each claim or defense, (3) a discussion of Court decisions considering the breadth or scope of discovery and any limitations upon discovery in the same or a similar type of case and (4) a statement respecting how and/or why the request seeks information which is irrelevant or will not likely lead to the discovery of relevant information or is vague, overly broad, burdensome or interposed for an improper purpose. Failure to state objections specifically in conformity with the Rules will be regarded as a waiver of those objections. Sabol v. Brooks, 469 F.Supp.2d 324, 328 (D.Md. 2006).

Federal Rule of Civil Procedure 37(a)(1) provides that if a party fails to cooperate in discovery, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Rule 37(a)(4) provides that an incomplete

answer or response "must be treated as a failure to . . . answer, or respond." Rule 37 (a)(5)(A) – (C)

provide as follows:

> **(A)** *If the Motion is Granted (or Disclosure or Discovery is Provided After Filing).* If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i)      the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> > (ii)      the opposing party's nondisclosure, response, or objection was substantially justified; or
> > (iii)      other circumstances make an award of expenses unjust.
>
> **(B)** *If the Motion is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.
>
> **(C)** *If the Motion is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses of the motion.

## DISCUSSION

In her Motion to Compel, Plaintiff argues that Defendant has failed to properly respond to

"Plaintiff's Second Set of Interrogatory Questions and Production of Documents" and failed to

"comply with Federal Rule of Civil Procedure 26(a)(1)(A)(iv) for inspection copying as under Rule

34." (Document No. 104.) As Exhibits, Plaintiff attaches the following: (1) A copy the "Key

Message History Report" from The Greenbrier (Document No. 104-1, pp. 1 - 2.); (2) A copy of a

call record to Matthew Stewart dated January 26, 2014 (<u>Id.</u>, p. 3.); and (3) A copy of a call record

to Glenn White dated January 20, 2014 (Id., p. 4.).

In its Response, Defendant states that "it is not clear to Greenbrier exactly what relief Plaintiff is seeking in her Motion," but "Greenbrier has made a good faith effort to confer with Plaintiff regarding the issues raised in her Motion and to resolve these issues without the Court's involvement." (Document No. 110.) Defendant states that "[t]hrough the undersigned's letter of February 7, 2014, and other communications with Plaintiff, Greenbrier believes that it has done all that it reasonably can to resolve these issues." (Id., p. 1.) Therefore, Defendant requests that the Court deny Plaintiff's Motion to Compel. (Id., pp. 1 - 2.) As Exhibits, Defendant attaches the following: (1) A copy of a letter addressed to Plaintiff from defense counsel dated February 7, 2014 (Document No. 110-1, pp. 2 - 3.); (2) A copy of "Answers and Responses to Plaintiff's Second Set of Interrogatory Questions and Requests for Production of Documents" (Id., pp. 5 - 10.); and (3) A copy of "Answers and Responses to Plaintiff's First Set of Interrogatories and Second Set of Interrogatories and Requests for Production of Documents" (Id., pp. 12 - 16.)

## A.     Interrogatory Number 6.

Interrogatory No. 6.  Person(s) who cleaned guest room 6617 on day of incident?

ANSWER: This defendant has made a diligent search and has been unable to identify the housekeeper that cleaned the subject bathtub on August 22 - 25, 2010.

(Document No. 110-1, p. 7.)

In her Motion, Plaintiff appears to argue that Defendant has the knowledge and ability to answer the above Interrogatory. (Document No. 104.) Plaintiff explains that during depositions, Defendant produced the "Key Message Report" and Robert Mickey, Paul Fogus, Tom Edward Stacy, Kathy Miller, and Amy Yates acknowledged they were familiar with the "Key Message Report." (Id., p. 1.) Plaintiff states that Thomas Edward Stacy testified during depositions that "each

employee of The Greenbrier Resort has their own Key Number" and "the 'Key Message Reports' are kept on a computer and you would be able to tell by the codes who entered a room." (Id.) Accordingly, Plaintiff argues that Defendant should be compelled to answer the above Interrogatory.

In Response, Defendant contends that Plaintiff's Motion to Compel regarding the above Interrogatory should be denied because "[t]hrough the undersigned's letter of February 7, 2014, and other communications with Plaintiff, Greenbrier believes that it has done all that it reasonably can to resolve these issues." (Document No. 110.) By letter dated February 7, 2014, Defendant advised Plaintiff as follows:

> As we previously advised, after receiving your October, 2013 discovery requests, the Greenbrier made a good faith but unsuccessful effort to ascertain the identity of the housekeeper who was assigned to clean your room during the day of your arrival on August 22, 2010. The records that might have reflected this information were disposed of in accordances with normal document retention practices and are no longer in the possession of the Greenbrier. Nevertheless, if you would like, we are willing to send you a full roster of all housekeepers who were assigned to work at the Greenbrier on August 22, 2010. We can safely represent to you that the housekeeper who was assigned to clean your room on your day of arrival would be among those persons listed.

(Document No. 110-1, p. 2.)

The undersigned finds that Defendant fails to provide an adequate explanation detailing its search for the above requested information. Defendant's general statement that "[t]he records that might have reflected this information were disposed of in accordances with normal document retention practices and are no longer in the possession of the Greenbrier" is insufficient. Defendant fails to explain what records were reviewed or what steps Defendant took to determine which housekeeper was assigned to Plaintiff's room. Additionally, Defendant fails to explain why the "Key Message History Report" indicates that the "User Name" of Housekeeping is "not available." A review of the "Key Message History Report" reveals that it contains the "User Name" of the

12

Refreshment Center, the Assistant Housekeeper Director, Security, and the Bellman, but fails to contain the "User Name" of Housekeeping. Furthermore, Defendant argues in its Motion for Summary Judgment that evidence reveals "prior to Plaintiff's check-in on August 22, 2010, the bathroom and bathtub in Room 6617 were cleaned by a housekeeper and inspected by housekeeping supervisor, Amy Yates." (Document No. 107, p. 3.) Defendant's statement indicates its ability to determine the housekeeper assigned to Plaintiff's room. The undersigned finds that Defendant should conduct a further search to determine the housekeeper assigned to Plaintiff's room. In the event Defendant cannot determine the housekeeper assigned to Plaintiff's room, Defendant should conduct a search to narrow "all housekeepers who were assigned to work at the Greenbrier on August 22, 2010," to housekeepers who were assigned to work the floor or section of the hotel in which Plaintiff's room was located. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Compel regarding Interrogatory No. 6 is **GRANTED**. Defendant is **DIRECTED** to respond to Interrogatory No. 6 by **March 31, 2014.**

**B.      Interrogatory Number 4 and Request for Production of Documents:**

Interrogatory No. 4. At time of incident if training material and video instructions were supplied to housekeepers on how to maintain and clean a bath tub?

ANSWER: This Defendant refers plaintiff to its Response to Request for Production 2.

Request for Production No. 2. At time of incident any training material or video instructions that were supplied to housekeepers on how to maintain and clean a bath tub.

RESPONSE: This Defendant states that it is conducting a diligent review of its files and will supplement this Response accordingly.

Second Set of Requests for Production of Documents No. 2. At time of incident any training material or video instructions that were supplied to housekeepers on how to maintain and clean a bath tub.

RESPONSE: This Defendant states that it is conducting a diligent review of its files and will supplement this Response accordingly.

SUPPLEMENTAL RESPONSE: This Defendant is not presently aware of any documents responsive to this request.

(Document No. 110-1, pp. 6, 8, 14.)

In her Motion, Plaintiff appears to argue that Defendant has access and can produce a "Housekeeping Manual." (Document No. 104.) Plaintiff explains that during the depositions of Mr. Mickey and Ms. Yates, she established "that a Housekeeping Manual was used to train housekeepers at The Greenbrier Resort." (Id., p. 1.) Accordingly, Plaintiff argues that Defendant should be compelled to answer the above Interrogatory and Request for Production. (Id.)

In Response, Defendant contends that Plaintiff's Motion to Compel regarding the above Interrogatory and Request for Production should be denied because "[t]hrough the undersigned's letter of February 7, 2014, and other communications with Plaintiff, Greenbrier believes that it has done all that it reasonably can to resolve these issues." (Document No. 110.) By letter dated February 7, 2014, Defendant advised Plaintiff as follows:

In its original response, Greenbrier stated that 'it is conducting a diligent review of its files and will supplement this Response accordingly.' . . . On December 10, 2013, Greenbrier filed a supplemental answer to this Request and responded that it 'is not presently aware of any documents responsive to this request.' . . . To clarify, the Greenbrier has confirmed that the only operations manual that was used at one time to set forth procedures for cleaning bathtubs was not one that was generally supplied to housekeepers and was no longer applicable at the time of your incident.

(Document No. 110-1, p. 2.)

The undersigned finds that Plaintiff's Motion to Compel regarding Interrogatory No. 4, Request for Production No. 2, and Second Set of Request for Production No. 2, should be denied. Defendant initially responded that it was conducting a diligent search for the training material and

14

video instructions that may have been supplied to housekeepers. Defendant later supplemented its

Response stating that it was "not presently aware of any documents responsive to this request."

Defendant explained that an operations manual existed "at one time," but this manual was not

"generally supplied to housekeepers and was no longer applicable at the time of [Plaintiff's]

incident." (Id.) The undersigned notes that defense counsel properly signed the discovery responses

certifying that his responses were complete and correct. The Court, therefore, finds that Defendant

appropriately responded to Plaintiff's discovery request. It is hereby **ORDERED** that Plaintiff's

Motion to Compel regarding Interrogatory No. 4, Request for Production No. 2, and Second Set of

Request for Production No. 2 is **DENIED**.

**C.      Interrogatory Number 5:**

> Interrogatory No. 5. Head of maintenance at the time of incident?

> ANSWER: Objection. This Defendant objects to this interrogatory on the grounds
> that it seeks information which is irrelevant and not reasonably calculated to lead to
> the discovery of admissible evidence. Subject to and without waiving these
> objections, this Defendant states that Matthew Stewart was the Director of
> Maintenance at the time of the alleged incident.

(Document No. 110-1, pp. 6 - 7.)

    In her Motion, Plaintiff appears to argue that Defendant provided her inaccurate information

in response to her above Interrogatory. (Document No. 104, p. 2.) Plaintiff explains that "Defendant

named Matthew Stewart as the Director of Maintenance at the time of the alleged incident." (Id.)

Plaintiff claims that she spoke with Matthew Stewart on January 26, 2014, and he informed Plaintiff

"that he was NOT the Director of Maintenance at the time of alleged incident as he had retired in

the second week of July, 2010, right after the casino opened at the Greenbrier Resort due to the

health of failing parents." (Id.) Accordingly, Plaintiff appears to argue that Defendant should be

compelled to provide an accurate answer the above Interrogatory. (Id.)

In Response, Defendant contends that Plaintiff's Motion to Compel regarding the above Interrogatory and Request for Production should be denied because "[t]hrough the undersigned's letter of February 7, 2014, and other communications with Plaintiff, Greenbrier believes that it has done all that it reasonably can to resolve these issues." (Document No. 110.) By letter dated February 7, 2014, Defendant advised Plaintiff as follows:

> The Greenbrier initially identified Matthew Stewart who, in fact, worked in this relevant position up until just a few weeks prior to your incident. The Greenbrier has supplemented its responses to list Curtis Webb as the person who was employed in such position as of the date of your incident.

(Document No. 110-1, p. 3.)

The undersigned finds that Plaintiff's Motion to Compel regarding Interrogatory No. 5 should be denied. Defendant initially responded that Matthew Stewart was the Director of Maintenance. According to Defendant's Response to Plaintiff's Motion to Compel, Defendant subsequently supplemented is Response to Plaintiff's Interrogatory stating that Curtis Webb was the Director of Maintenance. Rule 26(e)(1) provides that a party "must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." The undersigned, therefore, finds that Defendant appropriately supplemented its Response to Interrogatory No. 5. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Compel regarding Interrogatory No. 5 is **DENIED**.

## D.     Initial Disclosure Pursuant to Rule 26(a)(1)(A)(iv):

In her Motion, Plaintiff appears to argue that Defendant has failed to produce a copy of its insurance policy. (Document No. 104, p. 2.) Plaintiff explains that Defendant acknowledged in its Initial Disclosures that "The Greenbrier is insured for an amount in excess of the Plaintiff's claims."

(<u>Id.</u>) Plaintiff notes that Defendant stated it was "diligently searching for the documents related to its applicable insurance policy and will produce such document after it is located." (<u>Id.</u>) Plaintiff contends that "[i]t is hard to believe a document such as an insurance policy would be hard to locate since the date of 06/07/13." (<u>Id.</u>) Additionally, Plaintiff states that she "was contacted by Defendant's insurance adjuster long before there was ever a Court Case in this matter." (<u>Id.</u>)

In Response, Defendant contends that Plaintiff's Motion to Compel regarding the above should be denied because "[t]hrough the undersigned's letter of February 7, 2014, and other communications with Plaintiff, Greenbrier believes that it has done all that it reasonably can to resolve these issues." (Document No. 110.) By letter dated February 7, 2014, Defendant advised Plaintiff that "The Greenbrier has supplemented its disclosures, and we will promptly send you a copy of the relevant policy as soon as we receive it from our client." (<u>Id.</u>)

The undersigned finds that Plaintiff's Motion to Compel regarding Defendant's Initial Disclosure Pursuant to Rule 26(a)(1)(A)(iv) should be granted. Rule 26(a)(1)(A) provides that "[e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties . . . (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or party of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." In the instant case, Defendant fails to provide an adequate explanation detailing its inability to produce the above requested information. At this late stage of the case, Defendant's general statement that it will send Plaintiff "a copy of the relevant policy as soon as we receive it from our client" is inadequate. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Compel regarding Defendant's Initial Disclosure Pursuant to Rule

26(a)(1)(A)(iv) is **GRANTED**. Defendant is **DIRECTED** to produce the above information by

**March 31, 2014.**

**E.     First Set of Interrogatory No. 1 and Request for Production No. 1:**

First Set of Interrogatory No. 1. If you have had other guest(s) involved in any other slip and fall accidents whether in the tub/shower area or on the premises?
(a) date and time;
(b) the nature and full extent of the injuries sustained by said guest(s);
(c) a full and complete description of the accident(s);
(d) name and address of said guest(s).

ANSWER: Objection; This defendant objects to this Interrogatory on the grounds that it seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this defendant objects to this Interrogatory on the grounds that it is overly broad in its failure to limit the information requested to a specific time period and in its use of the phrases "any other slip and fall accidents" and "on the premises." This defendant asserts that it would be unduly burdensome for it obtain the requested information for every slip and fall accident occurring on the Greenbrier Resort's premises. Subject to and without waiving these objections, this defendant states that it is conducting a diligent review of its files and will supplement this Answer accordingly.

SUPPLEMENTAL ANSWER: Objection; This defendant objects to this Interrogatory on the grounds that it seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this defendant objects to this Interrogatory on the grounds that it is overly broad in its failure to limit the information requested to a specific time period and in its use of the phrases "any other slip and fall accidents" and "on the premises." This defendant asserts that it would be unduly burdensome for it to obtain the requested information for every slip and fall accident occurring on the Greenbrier Resort's premises. Finally, this defendant objects to this Interrogatory on the grounds that it seeks the nature and full extent of the injuries sustained by said guest(s). Such information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

     Subject to and without waiving these objections and upon information and belief, this defendant provides the following information for slip and fall incidents that may have occurred in a bathroom of a guestroom during the four years prior to the subject accident to present:

•     August 6, 2010
       Glenn White
       218 Second Avenue

18

Logan, WV 25601
Telephone number unknown

Mr. White claimed to have slipped on a towel on guest bathroom floor.

- October 17, 2010
  Jean Harrington
  1315 E. Vistawood Drive
  Houston, TX 77077

  Ms. Harrington claimed to have tripped on her own feet in guest bathroom.

- July 4, 2013
  Jason Jessee
  3820 Kingsport, TN 37660
  423-723-5154

  Mr. Jessee claimed to be disoriented and fell in bathroom.

- August 4, 2013
  Pamela Barrett
  700 New Hampshire Ave., N.W., Apt. 906
  Washington, DC 20037
  202-337-5370

  Ms. Barrett claimed to fall while getting off of the toilet.

Request for Production of Documents No. 1. Any managers log or any other such named document that is used to document any and all accidents in guest rooms from 2005 through 2010.

RESPONSE: Objection. This Defendant objects to this Request on the grounds that it seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this defendant objects to this Request on the grounds that it is overly broad in its failure to limit the scope of the information requested. Subject to and without waiving these objections, this Defendant states that it is conducting a diligent review of its files and will supplement this Response accordingly.

(Document No. 110-1, pp. 8 and 12 - 14.)

In her Motion, Plaintiff appears to argue that Defendant provided her incomplete information

in response to her above Interrogatory and Request for Production of Documents. (Document No.

19

104, pp. 2 - 3.) Plaintiff explains that she "has no other source of obtaining these records needed in preparation of trial," "[i]t would be a financial burden for plaintiff," and "plaintiff has asked Defendant's attorneys on more than one occasion for the information." (Id., p. 2.)

In Response, Defendant contends that Plaintiff's Motion to Compel regarding the above Interrogatory and Request for Production should be denied because "[t]hrough the undersigned's letter of February 7, 2014, and other communications with Plaintiff, Greenbrier believes that it has done all that it reasonably can to resolve these issues." (Document No. 110.) As an Exhibit, Defendant attaches a copy of its response to Plaintiff's above Interrogatory and Request for Production of Documents. (Document No. 110-1, pp. 8 and 12.)

Concerning Plaintiff's First Set of Interrogatory Number 1, the undersigned finds Plaintiff's request to be unduly burdensome and over broad. Specifically, Plaintiff requests information concerning all guests who were involved in slip and fall accidents occurring on the premises of the The Greenbrier. Plaintiff's Interrogatory fails to properly limit her request to a specific time period concerning slip and falls occurring within the tub and shower area. Although Defendant objected to Plaintiff's Interrogatory, Defendant provided Plaintiff information concerning slip and fall incidents occurring in bathroom area during the four years prior to Plaintiff's alleged incident. Specifically, Defendant provided the date of the slip and fall, a description of the slip and fall, and the name and address of the guest involved in the slip and fall. Defendant, however, failed to provide the "nature and full extent of the injuries sustained by the said guest." Specifically, Defendant contends that the "nature and full extent of injuries sustained by said guest" is irrelevant. Although the Court determines that the date of the slip and fall, a description of the slip and fall, and the name and address of the guest involved in the slip and fall are relevant, the undersigned finds that the

20

"nature and full extent of the injuries" is irrelevant. The undersigned notes that the "nature and full extent of the injuries" suffered by a prior guest is irrelevant to foreseeablity and not reasonably calculated to lead to the discovery of admissible evidence. Based on the foregoing, the undersigned finds that Defendant has adequately responded to Plaintiff's First Set of Interrogatory Number 1. It is therefore hereby **ORDERED** that Plaintiff's Motion to Compel as to First Set of Interrogatory Number 1 is **DENIED**.

Regarding Plaintiff's Request for Production Number 1 seeking the "manager's log or any other such named document that is used to document 'any and all accidents' in guest rooms from 2005 through 2010," the Court deems certain portions of the manager's log or documents containing accident reports to be relevant. Specifically, the Court finds that any manager's log or documents containing accident reports relating to slip and fall accidents occurring in the tub or shower area to be relevant. The Court finds the foregoing information to be relevant because prior slip and fall accidents occurring in the tub or shower area could establish foreseeability that harm may result to a guest. To the extent Plaintiff requests the "manager's log or any other such named document that is used to document 'any and all accidents,'" the Court finds the request to be overly broad and irrelevant. It is therefore hereby **ORDERED** that Plaintiff's Motion to Compel as to Request for Production Number 1 is **GRANTED in part** and **DENIED in part**. Defendant shall produce any manager's log or any other such document containing accident reports concerning slip and fall incident occurring in the tub or shower area in guest rooms from 2005 through 2010. Defendant is **DIRECTED** to produce the above information by **March 31, 2014.**

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties are hereby notified that the rulings set forth above may be contested by filing objections to this Order within 14 days. If objections are filed, the District Court, United States District Judge Irene C. Berger

21

presiding, will consider the objections and modify or set aside any portion of the Order which it finds to be clearly erroneous or contrary to law.

The Clerk is hereby directed to mail a copy of this Order to Plaintiff, who is acting *pro se*, and to counsel of record.

ENTER: March 21, 2014.

R. Clarke VanDervort
United States Magistrate Judge